LEWIS COWEN v. BLOOMBERG & RAPHAEL.

Delivered February 25, 1897.

**1. Practice on Appeal—Motion for Rehearing—Excuse for Delay in Filing.**

The excuse made for failure to file a motion for rehearing in the appellate court within fifteen days is insufficient, when it is founded on the inability of counsel to hear from his associate counsel, who resided in another city, and whom he immediately upon receipt of notice of the judgment requested to file such motion, but which associate counsel was sick at the time and by reason thereof failed to respond promptly.

**2. Same—Appeal Bond—Amount.**

An appeal bond for only $53.08 more than double the costs of the trial court is insufficient, because this amount is much less than double the probable costs of the Court of Civil Appeals and the Supreme Court.

APPEAL from Cameron.   Tried below before Hon. JOHN C. RUSSELL.

*A. J. Evans, T. J. McMinn,* and *Noah Allen,* for appellant.

*James B. Wells,* and *McCampbells & Welch,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This motion must be refused. On July 13, 1896, appellees filed a motion to dismiss this cause upon the ground that the appeal bond filed by the appellant was insufficient. On the hearing of said motion on the 3rd of December, 1896, the appellees' objection to the bond was sustained, and appellant was, by order of this court, allowed twenty days in which to file another appeal bond, and upon failure to do so, his appeal was to be dismissed.   In response to this requirement, appellant did file another bond, within the time required, which bond, upon inspection, was found to be as defective as the first.   And on the 24th day of December, 1896, the appeal was dismissed, and notice thereof duly mailed on that day to counsel of record for appellant, and by him received from the postoffice at San Antonio on the 28th of December; but this motion was not filed in this court until the 15th day of January, 1897, seven days after the time allowed for filing such motions had expired.

The explanation given by counsel for this delay is his failure to hear from his associate counsel, who resided in this city, and whom he immediately, upon receipt of notice of the dismissal of the appeal, requested to file motion for reinstating the cause; and which latter counsel was sick with la grippe at the time, and by reason thereof he failed to respond promptly to the request of his associate.

To say nothing of the failure of counsel, through his inadvertance, to have filed, in obedience to the order of this court made on the 3rd of December, 1896, a bond in accordance with the requirements of the statute, we cannot accept his excuse, in these days of telegraph and telephones, for his delay in filing this motion as sufficient to warrant us to give re-

lief to appellant from the operation of the rule which requires motions of this character to be made within fifteen days after the rendition of the judgment or order sought to be vacated.

But could we accept the excuse offered for the failure of counsel to file his motion within the prescribed time, the bond which is presented with the motion for our acceptance is not, in our judgment, in accordance with the requirements of the statute. The costs of this suit in the lower court, after deducting a credit of $25 which seems to have been paid by appellant to the clerk of that court, aggregate the sum of $773.46. Doubling this sum, as the statute requires, and deducting it from the amount of the bond, $1600, we have remaining but $53.08; and this sum is much less than double the probable costs of this court and those of the Supreme Court.

With a desire to so administer the rules of procedure prescribed for this court as to extend to litigants and their counsel every possible indulgence, short of an abuse of the discretion given us by the law, we are constrained to deny the appellant's prayer to vacate the order dismissing his appeal and to reinstate the cause upon the docket of this court.

*Motion refused.*