# CHARLESTON.

C. R. HALL *v.* OVERLAND KNIGHT SALES COMPANY

(No. 6313)

Submitted April 9, 1929.     Decided April 16, 1929.

234

*Benjamin G. Reeder,* for plaintiff in error.

WOODS, PRESIDENT:

This action had its inception before a justice of Monongalia county. The defendant, who took an appeal to the circuit court, now prosecutes this writ from a judgment of said court striking the appeal bond from the record and dismissing the appeal as improvidently awarded.

The record does not purport to set out all the evidence as to the sufficiency of the bond in question; hence this Court will presume, in view of the action of the lower court therein, that the bond was insufficient in form, as there was no contention that the security was doubtful. Admitting this to be the fact, did the court err in dismissing the appeal? The language of the statute (Code, Chapter 50, section 170) in unmistakable terms, provides that if the court, in any case, be of opinion that the bond filed is insufficient, or the security doubtful, it shall order a new bond, in proper form and with good security, to be given within the time specified in such order, and, if it be not given, or good cause shown why it was not, the same judgment which was rendered by the justice, with the costs of the appeal, shall be entered by the circuit court. Not only this, but the same section of the statute further provides that no appeal from any justice of the peace of any county of this State shall be dismissed on the account of any failure of any such justice to comply with any require-

ments of any statute now in force relating to appeals from justices of the peace, provided the appellant or appellants have executed bond when said bond is required and done all necssary on his or their part to perfect such appeal, and in no case shall any appeal from any justice be dismissed when it shall appear to the appellate court that injustice might be done to the appellant or appellants, but in every such case such appeal shall be docketed, heard and disposed of by said appellate court in accordance with the ordinary rules of law governing the trial of such cases, and under such other orders as the court may see fit to impose.

After the motion to strike the appeal bond from the record for errors apparent on its face, and because of the addition of certain words after its execution, had been sustained, the appellant asked leave, and announced its willingness and readiness, to file a good and sufficient appeal bond to be approved by the judge. This request was denied, and such denial was followed by the court's judgment dismissing the appeal as improvidently awarded. Under the plain provision of the statute the appellant should have been accorded a reasonable time in which to execute a good and sufficient bond. We have held that where a justice takes and approves an appeal bond, as was done in the instant case, though the penalty of the bond be less than double the amount of the judgment appealed from, as required by the statute, the court should not dismiss the appeal as improvidently awarded, as was done here, without first ordering a new bond in sufficient penalty to be given by the appellant, within a time specified in such order. *Smith* v. *West Virginia Gas Co.*, 65 W. Va. 216. Such rule applies here, where the bond was defective for errors appearing on the face of the instrument, or for the addition of material words therein after its execution. The benign intention of the statute is clear.

The judgment below must therefore be reversed and the case remanded to the circuit court, with directions to order a new bond given in sufficient penalty and proper form, and for further proceedings to be had therein according to law.

*Reversed and remanded.*