# CHARLESTON.

## MICHAEL *v.* ELKINS.

Submitted January 19, 1909. Decided March 30, 1909.

INJUNCTION—*Restraining Prosecution of Action Before Justice.*
   Equity has no jurisdiction for a bill to restrain the prosecution of an action before a justice merely on the ground that the justice has no jurisdiction. (p. 436.)

[ROBINSON, JUDGE, absent.]

Appeal from Circuit Court, Preston County.

Bill by P. B. Michæl against S. B. Elkins. Decree for plaintiff, and defendant appeals.

*Reversed.*

NEIL J. FORTNEY, for appellant.

WILLIAM G. CONLEY, for appellee.

BRANNON, JUDGE:

S. B. Elkins brought an action before a justice of Preston county against P. B. Michæl to recover back two hundred dollars paid as part payment for coal in a tract of land, on the ground that Michæl represented that the tract extended in a certain course to lands of W. O. Walls, whereas it did not do so, and moreover that Michæl had not good title. Judgment was rendered for Elkins, and Michæl appealed the case to the circuit court. While the appeal was pending Michæl brought a chancery suit against Elkins to restrain and prohibit the further prosecution of the action pending in said appeal, and a decree was entered adjudicating that the justice, "in the law case heard herewith was without jurisdiction in the premises," and that

the suit at common law be dismissed, and decreeing costs against Elkins.   Elkins appeals.

Whence comes jurisdiction in equity for this bill? If the justice, and the circuit court on appeal, had no jurisdiction, was not that question triable in the justice's court and on appeal? Equity does not entertain a suit to stop an action at law only for want of jurisdiction. If, as the theory is, the justice had no jurisdiction because title to land would come in question, that could be tried before the justice and on appeal in the circuit court. Resort to equity in such case would be unwarranted. The bill shows no equity jurisdiction.

It is said that the decree is not final so as to warrant an appeal. It disposes of the law action, adjudicates all the bill sought. What more to be done? Certainly not to try the right of recovery of the money claimed by Elkins.

It is suggested that the appeal was allowed a few days after two years from the decree. The decree dates 1st June, 1905, the appeal 17th June 1907; but our Court order allowing the appeal states that the petition for appeal was presented 27th May, 1907.

Decree reversed and bill dismissed.

*Reversed.*