# CHARLESTON.

## LEE v. MOSS, JUDGE.

Submitted January 24, 1911.  Decided February 14, 1911.

JUSTICE OF THE PEACE—*Appeal—Amount in Controversy.*

In an action of detinue in a justice's court there is judgment for recovery of the property, if to be had, and if not to be had, then for its value at a sum less than fifteen dollars, and there is no set-off or counter claim. The defendant cannot appeal.

Petition of C. R. Lee for a writ of prohibition to H. H. Moss, Jr., Judge, and others.

*Writ Awarded.*

*Martin & Cain,* for petitioner.

*C. E. Copen,* for respondent.

BRANNON, JUDGE:

Lee brought an action against Edwards before a justice of Wirt county for the recovery of sixty Leghorn pullets of the value of forty cents each, and the total value of $24, and on trial the justice rendered a judgment against Edwards that Lee recover thirty pullets, if to be had, and if not to be had, then the sum of $7.50, their alternative value. The defendant, Edwards, took an appeal to the circuit court. Lee moved the court to dismiss the appeal, and the court having refused to do so, thus entertaining the appeal, Lee asks from this Court a writ of prohibition to prohibit the judge of the circuit court from proceeding further with or trying the appeal.

The defendant sturdily insists that an appeal lies for him, and that the circuit court has jurisdiction and may lawfully entertain the appeal. The defendant insists that this jurisdiction is not to be tested by the judgment amount against him, but that jurisdiction is to be tested by $24, the amount of the plaintiff's claim. We cannot concur in this view. The Code says that an appeal shall lie from the judgment of a justice in the circuit court "when the amount in controversy on the trial before the justice exceeds Fifteen Dollars, exclusive of interest and costs." Chapter 50, § 163. If the plaintiff takes an appeal from the justice the amount claimed in his summons or complaint will test the right to an appeal; but if the defendant asks an apeal the test is the amount of the principal of the judgment, unless the defendant filed an offset or counter claim and was defeated as to it. Why is the test as to the defendant the amount of the recovery against him? Because that is the extent of his loss or grievence. The object of the statute limiting appeals to fifteen dollars is to prevent protracted litigation over small amounts of money, and in such case the defendant is not harmed over fifteen dollars. This test is almost universally acknowledged as to appellate courts. 2 Cyc. 559; *Harman* v. *City of Lynchburg,* 33 Grat. 37: *Gage* v. *Crocket,* 27 *Id.* 735; *Walker* v. *United States,* 4 Wall. 163 (18 L. Ed. 319). This Court has said so on several occasions as will be seen in

*Longacre* v. *Creel,* 57 W. Va. p. 349, citing several cases. We seem to have thought that no appeal would lie in such case in *Ward* v. *Evans,* 49 W. Va., p. 187. It is claimed that this rule applies only to appeals or writs of error in the supreme court under Code, chapter 135, § 1. This contention seems to rest on the fact that the statute as to appeals from justices in giving an appeal uses the language "when the amount in controversy on the trial before the justice exceeds Fifteen Dollars." We do not see that this makes any difference, except by great refinement. We may say that § 1, chapter 135, says "a party to controversy in any circuit court," and we may interpolate the words "on trial in the circuit court." That language of the appeal statute from a judgment of a justice surely cannot overrule the cardinal principle above spoken of, that in mere pecuniary matters, when the defendant appeals, having filed no offset, it is the amount of the judgment which is the amount of his grievance. He can discharge his obligation by paying that amount, and he had no further complaint. How can he take the amount of the plaintiff's claim to test his grievance? It is the plaintiff who has lost all claim above the judgment. The defendant has gained that much in defense, that is to his advantage. We are not aware that this question has ever been passed on in this Court as to appeals from justices; but we see no reason to differ such a case from the rule in this Court, that where the matter is wholly pecuniary and the defendant has filed no offset or counter claim, but has simply defended the plaintiff's claim, the amount of the judgment against the defendant is the test of jurisdiction when he asks an appeal.

There is no right to this appeal. Such an appeal is not warranted by law, it is a nullity. Lee cannot be compelled to answer it. There is no jurisdiction for it, and therefore we award the prohibition.

*Writ Awarded.*