# WHEELING.

## RUFFNER *v.* LOVE.

Submitted January 14, 1884—Decided April 26, 1884.

1. Under the provisions of section 128 chapter 226 Acts of 1872-3, as amended by chapter 63 of the Acts of 1877, the county court has no authority to grant an appeal from the judgment of a justice unless the party seeking the appeal shows good cause for his not having taken such appeal within ten days from the rendition of such judgment; and the good cause required to be shown, must be such as would authorize the granting of a new trial, as for instance, fraud, accident, surprise or some adventitious circumstance beyond the control of the party. (p. 182.)

2. When the party has full knowledge of the facts upon which his rights depend and he fails to take his appeal within ten days, because he was mistaken in the legal consequences flowing from such facts, he will not be entitled to an appeal, upon an application to the county court, on account of such mistake of law, although such mistake was produced by the advice of counsel. (p. 185.)

A statement of the facts of the case is contained in the opinion of the Court.

*W. H. Hogeman, J. W. Mollihen* and *W. A. Quarrier* for plaintiff in error.

*Watts & Kennedy* and *J. H. & J. F. Brown* for defendant in error.

SNYDER, JUDGE:

This was an action of unlawful detainer brought by A. L. Ruffner and others against Ellen and Kate Love before a justice of Kanawha county to recover the possession of a tract of land in said county. The summons was duly served on the defendants and on the return day thereof, they failing to appear, the justice, after hearing the evidence, gave judgment for the plaintiffs on September 7, 1877. Afterwards the plaintiffs obtained a writ of possession and were by the sheriff of said county put in the possession of said land. No application was made to the justice for an appeal, but on

November 7, 1877, sixty days after the date of the judgment, the defendants filed in the county court of said county an affidavit made by one of them and on their motion an appeal was granted them by said court from the judgment of the justice upon the grounds stated in said affidavit. The plaintiffs appeared and moved the county court to dismiss the appeal for the reason, among others, that no good cause had been shown by the appellants why the appeal was not taken within the ten days allowed by law. This motion the court overruled and, upon the motion of the defendants, it quashed the summons, dismissed the action and gave judgment against the plaintiffs for costs. The plaintiffs, by writ of error, took the case to the circuit court of said county, which court, by its judgment rendered May 28, 1880, affirmed the judgment of the county court with costs. From the said judgment of the circuit court the plaintiffs obtained a writ of error and *supersedeas* to this Court.

The first question arising upon the record which it is necessary for us to consider is, whether the order of the county court granting the appeal from the judgment of the justice is reviewable? The defendants in error insist that it is not, while the plaintiffs in error claim that it is reviewable.

Section 117 of chapter 226 of the Acts of 1872–3, provides, that an appeal shall lie, as of right, from the judgment of a justice to the county court of the county; and section 118 of same chapter declares that such appeal shall not be granted by the justice unless within ten days after the judgment is rendered. Section 128 of said chapter as amended by chapter 63 of the Acts of 1877, provides, "that appeals from the judgments of justices may be granted after the expiration of ten days, and within three months from the rendition of such judgment by the county court in term time or the president thereof in vacation" upon the party seeking the appeal giving bond and security and showing "by his own oath or otherwise, good cause for his not having taken such appeal within the said ten days."

It is claimed, because the statute does not provide for notice to the adverse party and authorizes the order granting the appeal to be made in vacation as well as in term time without any requirement making the evidence on which

such order is founded a part of the record, that the order allowing the appeal must of necessity be treated as an *ex parte* and not a judicial proceeding and that the Legislature could not have contemplated or intended that it should be subject to review.

It cannot be denied that, unless the proceeding is judicial in its nature and an opportunity is given to the adverse party to contest its correctness or validity, it must be held to be *ex parte* and not reviewable. Is such the character of the proceeding? The statute certainly does not provide for notice at or before the order is made, but after the appeal is granted it does provide that the court or officer granting it shall order the justice to certify to the court "a complete transcript from his docket of the proceedings in the action, together with all the original papers relating thereto," * * and "the cause shall be proceeded with as in other cases of appeals from the judgments of justices"—sec. 129. After the case is thus in the court it is unquestionably a judicial proceeding between adverse parties. The statute provides that it shall there be tried *de novo* and all lawful evidence shall be heard whether such evidence was produced before the justice or not—sec. 123; *Todd* v. *Gates*, 20 W. Va. 464. And any objections may be taken to the jurisdiction of the court or defects in the proceedings whether made before the justice or not, but when such objection is made to the court the opposite party may resort to any parol or other legal evidence whether in the record or used before the justice or not to prove that such objection is not well taken and that the defect relied on does not in fact exist. Objections and defences may thus be made not only in regard to matters appearing upon the transcript and papers transmitted by the justice, but in regard to any matter then in the case or which must of necessity have been passed upon by the justice when the case was before him. The language of the statute is that "the cause shall be determined without reference to the judgment of the justice on the principles of law and equity"—sec. 123.

If the whole matter that was before the justice may be again tried by the court and the same or other evidence may be produced in support or against the rulings and judgment

of the justice, it seems to me, that the same rule should apply to the order made by the court or its president in granting the appeal after the ten days have expired. The reason for the rule in the one case would be equally applicable to the other. The purpose of the statute was evidently to give the parties a hearing in a court of record where either party could preserve upon the record by bill of exceptions or otherwise any fact or ruling of the court to his prejudice in order that he might have the same reviewed by an appellate court. In this manner any objectionable ruling of the justice may be reviewed. It would be anomalous, surely, to declare that this may be done, and not intend that an order, which in effect sets aside the judgment of the justice and grants a new trial of the case, should also be reviewable in the same manner. I am, therefore, of opinion that the order granting the appeal is reviewable both in the trial-court and this Court. In the trial-court either party may offer evidence to show the propriety or impropriety of the order at the time the objection is made and this Court will review such order upon such evidence as the record before it shows was before the trial-court.

The record shows affirmatively that the only ground shown by the defendants in error for not taking the appeal in this case within ten days is the facts set out in the affidavit of Kate Love one of the defendants. The next question then to be considered is, do said facts show "good cause for not having taken such appeal within ten days?"

The material parts of said affidavit are, that on the 12th day of September, 1877, affiant went to Charleston to consult her attorney as to taking an appeal from said judgment and she was advised by him that it was unnecessary as said judgment did not affect her rights to a certain field of corn on the premises recovered; that she and the said Ellen Love did not defend the case before the justice because they set up no claim to the possession of the premises, and did not unlawfully withhold the same from the plaintiffs, and that they only claim the corn and the garden stuffs in the garden, the latter of which the plaintiffs have never attempted to interfere with since said judgment; that affiant did not know, or have any idea that her rights to the corn was in controversy

and she does not now admit such was the case; that at the time of said trial her mother and sister were sick, and she could not leave them to come a distance of over twenty miles to attend the same; that after the commencement of the action and before the trial she took a copy of the process to Esquire John Montgomery and was told by him, a justice, that the said corn was not involved in said action; and that she "now states that in consequence of the advice given her by her counsel as aforesaid, she did not apply within ten days from the rendition of said judgment for an appeal therefrom as provided by statute, and she now prays an appeal," &c.

It is evident that if any legal ground or cause is required by the statute to be shown as a reason for not taking the appeal within ten days, then no such cause is shown by this affidavit. It shows that the defendants were well acquainted with the facts, and that their failure to make defence before the justice or take an appeal, within the ten days prescribed by law, was due entirely to the advice of their counsel as to the legal effect of the judgment. It is well settled that the erroneous advice of counsel in such case is no ground for a new trial. *Law* v. *Law*, 2 Gratt. 366; *Pleasants* v. *Clements*, 2 Leigh 474. It is, also, well settled, that where a party has full knowledge of the facts, his ignorance of the legal consequences which flow from these facts, is no ground for relief. *Pusey* v. *Gardner*, 21 W. Va. 469; 2 Rob. (old) Pr. 35.

An appeal from the judgment of a justice has the effect of granting a new trial. In fact the very object and purpose of such appeal is to obtain a new trial. The right to such appeal is allowed by the statute as a matter of course if taken within ten days from the date of the judgment, but if not so taken, then, before such appeal can be granted *good cause* must be shown why it was not taken within said ten days. Inasmuch, therefore, as such appeal operates as, and has the effect of, granting a new trial, it is reasonable to presume that the "good cause" necessary to the granting of such appeal, required by the statute, must be interpreted to mean such good cause as would authorize the granting of a new trial. Otherwise the statute would have very little or no significance. It was certainly intended that the good cause required should be such as would appear sufficient to the court,

and not what the party or his counsel might consider sufficient. It is not a question of good faith in the party asking for the appeal. He may sincerely and honestly believe that he has good cause for his failure to take the appeal within ten days. But his belief or opinion is not material. He must state the facts which prevented him from taking his appeal and by those facts the court must be satisfied that good cause exists, otherwise the appeal will not be allowed. The facts which will warrant such appeal must show fraud, accident, surprise or some adventitious circumstance beyond the control of the party. No such ground is shown in this cause and, consequently, the county court erred in granting the appeal from the judgment of the justice. I am, therefore, of opinion that the judgment of the circuit court affirming the said judgment of the county court must be reversed with costs to the plaintiffs in error; and this Court proceeding to pronounce such judgment as the said circuit court should have rendered, it is considered that the order of the county court granting the appeal from the judgment of the justice and its judgment quashing the summons of the plaintiffs and dismissing their action be reversed and annulled, with costs to the plaintiffs in error in said circuit court. And it is further considered that the plaintiffs, the appellees in the county court, recover from the defendants, the appellants in said court, their costs in said county court expended.

REVERSED.