# CHARLESTON

## McClung v. Price.

Submitted September 12, 1906. Decided December 11, 1906.

1. Justices of the Peace—*Appeal—Dismissal.*

    An appeal from a judgment of a justice of the peace, granted, under the provisions of section 174 of chapter 50 of the Code, after the expiration of ten days from the date of the judgment, for causes which could not have injured or prejudiced the petitioner if

he had been reasonably careful and diligent in attending to his interests, is properly dismissed as having been improvidently awarded. (p. 85.)

2.  SAME—*Time of Taking an Appeal.*

That the justice, after the trial, but before rendition of his judgment, expressed, to an attorney who had represented the petitioner in the trial, his intention to render judgment for the petitioner, but had later given judgment against him; that petitioner had heard, through his attorneys, that the judgment was in his favor, and that he had not ascertained what had actually been done, until after the expiration of the ten day period; do not constitute good cause for not having obtained the appeal within said period. (p. 86.)

Error to Circuit Court, Greenbrier County.

Action by C. L. McClung against J. D. Price and others. Judgment for defendants before a justice, and, from an order dismissing his appeal, plaintiff brings error.

*Affirmed.*

WILLIAMS & DICE, for plaintiff in error.

PRESTON & WALLACE, for defendants in error.

POFFENBARGER, JUDGE:

Chas. L. McClung obtained a writ of error to a judgment of the circuit court of Greenbrier county, dismissing his appeal from a judgment rendered against him by a justice of the peace, in favor of J. D. Price, granted by the judge of said court after the expiration of ten days from the date of the judgment, on the ground that the justice had mislead him into the belief that he would render, or had rendered, judgment in his favor. After the granting of the appeal, the term of the judge who allowed it expired, and his successor, deeming the cause stated in the petition for his not having taken the appeal within ten days insufficient, dismissed it on motion.

The petition states that the action was tried on the 5th day of July, 1904, and judgment rendered on the next day; that, on the day after the trial, the justice, responding to a request of one of his petitioner's attorneys as to whether he had rendered judgment, said he had not entered it, but he intended to render judgment in petitioner's favor for fifty dollars at least, and perhaps more; that, while on his way

home, on said 6th day of July, the day after the trial, he was indirectly informed by another one of his attorneys, by means of a telephone message to a third party for delivery to him, that judgment had been rendered in his favor for the sum of $250.00; that the justice, instead of giving judgment for him in any sum, rendered a judgment against him for costs; and that he had no knowledge of this fact until after the lapse of more than ten days from the date of the judgment.

We do not think the facts stated show good cause for failure to take an appeal within ten days. It must amount to fraud, mistake, surprise, or adventitious circumstances over which the party had not control. No representation or agreement, prejudicial to the plaintiff in error was made by the opposite party, and the justice did not represent that any judgment had been rendered. If he expressed an intention to render a certain judgment, it imposed no duty upon him to do so, and the attorney to whom he made the statement as well as his client was bound to know that he might finally come to a different conclusion. What he said in no way obstructed or interfered with the right of McClung to ascertain what the judgment was after it had been rendered. It in no sense put the matter beyond his control. Viewing his situation in the most favorable light, he was injured by relying upon a representation made by the justice, not fraudulent, not within the duty of the justice and not such in character as tended to preclude him from ascertaining and insisting upon his rights in the premises. Thus the case appears to fall clearly within the principle applied in *Powell* v. *Miller*, 41 W. Va. 371. In that case, the appellant had relied upon the promise of the justice to prepare an appeal bond for him within the ten day period, and his failure to do so was held not to be sufficient cause for allowing an appeal after the end of that period. The petition disclosed a want of diligence. Relief on the ground of surprise cannot be allowed to one whose own negligence or lack of diligence constitutes the real cause of the injury of which he complains.

Seeing no error in the judgment complained of we affirm it.

*Affirmed.*