# CHARLESTON

### JOHNSON v. RIDGLEY.

Submitted March 17, 1908.     Decided March 24, 1908.

1. JUSTICES OF THE PEACE—*Failure to Appeal—Application to Circuit Court—Sufficiency.*

   A petition to the circuit court for appeal from the judgment of a justice, alleging "that for a long time before" the date of said judgment the wife of petitioner "had been seriously ill and in consequence thereof he was compelled to have her go to the hospital at Columbus, Ohio, there to undergo an operation for a

disease with which she was then afflicted, and that in conse-
quence of her sickness your petitioner failed to appear before said
justice and was prevented from appearing, and in consequence
thereof was prevented from taking an appeal from the judgment
of the justice aforesaid within ten days after the rendition
thereof," and "that he would have taken his appeal ** within
the ten days ** had he not been prevented therefrom ** as
aforesaid," does not show the good cause required by section 174,
chapter 50, Code, the essential facts necessary to show such cause
not being alleged. (pp. 131, 132.)

Error to Circuit Court, Cabell County.

Action by J. W. Johnson, agent, against J. F. Ridgely.
Judgment for defendant, and plaintiff brings error.

*Reversed.*

Switzer & Wiatt, for plaintiff in error.

L. L. Wilson and George I. Neal, for defendant in
error.

Miller, Judge:

In his petition to the circuit court for an appeal from the
judgment of a justice the defendant alleged "that for a long
time before" February 2, 1904, the return day of the pro-
cess and the date of the judgment, "his wife had been
seriously ill and in consequence thereof he was compelled to
have her go to the hospital at Columbus, Ohio, there to
undergo an operation for a disease with which she was then
afflicted, and that in consequence of her sickness your peti-
tioner failed to appear before said justice and was prevented
from appearing, and in consequence thereof was prevented
from taking an appeal from the judgment of the justice afore-
said within ten days after the rendition thereof;" and "that he
would have taken his appeal ** within the ten days ** had
he not been prevented therefrom ** as aforesaid." The petition
was presented to the judge April 1, 1904, in vacation, and the
appeal awarded; the defendant's motion before the justice on
February 16, 1904, after motion, to set aside the judgment,
having been overruled. On August 5, 1905, at a subsequent
term, the motion of the plaintiff to dismiss this appeal was
overruled—the court, as the order recites, being of opinion
that "from the petition of the plaintiff duly sworn to,
the said J. F. Ridgley is entitled to said appeal within ninety

days from February 2, 1904, and after the expiration of ten days from the rendition of said judgment, by reason of the matters alleged in said petition.'' On the trial in the circuit court, January 5, 1906, there was a verdict and judgment for the defendant. The errors assigned here are: (1) that said appeal was improvidently awarded; (2) the refusal of the court by order of August 5, 1905, to dismiss it.

It is apparent from its order that the action of the court in awarding the appeal, and in overruling the motion to dismiss, was based solely on the allegations of the petition. To reverse the judgment below the plaintiff relies on want of good cause shown thereby. As has been formerly held by this Court, the subject is controlled entirely by section 174, chapter 50, Code. Application within ninety days and good cause shown, required by that section, are jurisdictional facts which must be shown in order to confer power to grant the appeal, and without which the order granting it is a nullity, and, being void in its inception, no subsequent proceedings can cure the defect. *Ruffner* v. *Love*, 24 W. Va. 181; *Howe* v. *Floding*, 27 W. Va. 540, 543; *Powell* v. *Miller*, 41 W. Va. 371; *Long* v. *Railway Co.*, 35 W. Va. 333; *Straley* v. *Payne*, 43 W. Va. 185. The good cause which will warrant an appeal after ten days, according to these decisions, is such as is due to fraud, accident, mistake or surprise, or some adventitious circumstances beyond the control of the party, and such as would justify a new trial, or a court of equity, if the suit had been in the circuit court, in enjoining enforcement of judgment until a new trial could be had. *Ruffner* v. *Love* and *Powell* v. *Miller, supra.*

The cases cited and the others referred to therein will show the application of the rule to the varying facts in each case, and from them it will readily be seen that the defendant has not brought himself within the requirements thereof. The facts set forth in his petition show no good reason why he could not have prepared and filed an appeal bond within the ten days allowed after judgment. True, his wife was sick and had been so before service of process; but the petition fails to show the facts from which he concludes it was beyond his power to have either procured a continuance, or within ten days after judgment have obtained an appeal from the

justice. He does not even allege that he was required to, or did in fact, accompany his wife to the hospital. It is for the court to draw the conclusion, from the facts alleged, whether they constitute good cause; and these facts must appear under oath.

We reverse the judgment of the circuit court; and the judgment it should have entered, dismissing the appeal, will be entered here.

*Reversed.*