# CHARLESTON.

## Smith v. West Virginia Central Gas Co.

### Submitted January 19, 1909. · Decided February 23, 1909.

**Justices of the Peace—*Appeal—Dismissal—Bond.***

Where a justice takes and approves an appeal bond, and allows the appeal, though the penalty of the bond be less than double the amount of the judgment appealed from, as required by section 2115, Code 1906, the court should not dismiss the appeal as improvidently awarded, or pronounce the judgment prescribed by statute, without first ordering a new bond in sufficient penalty to be given by appellant, within the time to be specified in such order, as provided by section 2121, Code 1906. (p. 217.)

Error to Circuit Court, Barbour County.

Action in a justice's court by M. L. Smith against the West Virginia Central Gas Company. There was a default judgment for plaintiff, and defendant appealed to the circuit court, which court dismissed the appeal, and defendant brings error.

*Reversed and Remanded.*

TALBOTT & HOOVER, for plaintiff in error.

W. T. GEORGE, for defendant in error.

MILLER, PRESIDENT:

Plaintiff sued defendant before a justice, the summons reading, "for the recovery of money due for damages in which the plaintiff will claim judgment for $100.00, exclusive of interest and costs." Judgment by default in favor of the plaintiff against defendant for $118.00, and costs was recorded by the justice. Defendant filed with the justice an appeal bond in the penalty of two hundred and ten dollars, and the justice certified a transcript of his docket, and the original papers, to the circuit court. The justice's docket does not show filing of the bond and approval thereof by him, and allowance of the appeal, but having certified the papers to the circuit court, we must treat this act as evidencing his approval of the bond, and allowance of the appeal, at least, until the contrary appears.

In the circuit court, on motion of the appellee, the court dismissed the appeal on the sole ground that the penalty of the appeal bond, two hundred and ten dollars, was less than double

the amount of the judgment appealed from, required by section 2115, Code 1906; and the judgment of the circuit court was that the appeal be dismissed as improvidently awarded, and that plaintiff recover of the defendant her costs.

On writ of error here the sole question is, was the appeal properly dismissed? Said section 2115, Code 1906, says: "The appeal shall not be granted by the justice unless, within ten days after the judgment is rendered or revived, bond with good security, to be approved by the justice, in a penalty double the amount of the judgment, is filed with him, with condition," as prescribed. To have strictly complied with the statute the justice should have required a bond in the penalty of $236.00. It is the justice, and not the circuit court, who is to take and approve the bond and award the appeal. But it is argued, in the support of the judgment below, that the requirement of the statute that the penalty of the bond be double the amount of the judgment is jurisdictional, and without such a bond the justice was without jurisdiction to award the appeal, and the circuit court without jurisdiction to entertain it, wherefore the appeal was properly dismissed. It is true, as a general rule, that conditions precedent to the allowance of an appeal, prescribed by the statute, are regarded jurisdictional, and must be strictly complied with. The courts of a number of states, under varying statutes so hold, and that courts have no power to dispense with any portion of the security required by statute. 1 Ency. Pl. & Prac. 965, 977; 2 Ency. Pl. & Prac. 816, 834. Some courts go so far as to hold, that, where the penalty exceeds the amount fixed by the court or statute, the bond is defective and possibly void. *Sutherland* v. *Putnam,* (Ariz.) 24 Pac. 320; *Janes* v. *Langham,* 29 Tex. 413; Contra; *Zoller* v. *McDonald,* 23 Cal. 136; *Stapleton* v. *Pease,* 2 Mont. 508; *Coil* v. *Davis,* Wright 164. Other courts, though regarding the giving of a proper bond jurisdictional, and without it, entitling the appellee to dismissal, yet have refused to dismiss summarily without giving opportunity to the appellant to perfect his appeal by giving a proper bond. *Branch* v. *Dick,* 14 Ohio St. 551; *Staub* v. *Williams,* 1 Lea, 69 Tenn. 36; *Cowen* v. *Bloomburg,* (Tex. Civ. App.) 39 S. W. 947; *Brown* v. *Keirns,* 13 Ill. 296. These decisions are from states, so far as appears, where, no other statute, except the one requiring bond to be given, controlled.

But we have section 2121, Code 1906, relating to appeals from justices, providing: "If the court, in any case, be of opinion that the bond filed is insufficient, or the security doubtful, it shall order a new bond, * * * to be given within the time specified in such order, and if it be not given, or good cause shown why it was not, the same judgment which was rendered by the justice, with the costs of the appeal, shall be entered in the circuit court, without further trial, against the appellant and those who signed the bond: * * * * provided, no appeal * * * * shall be dismissed on the account of any failure of any such justice to comply with any requirements of any statute, * * * * * provided the appellant or appellants have executed bond * * * * and done all necessary on his or their part to perfect such appeal, and in no case shall any appeal from any justice be dismissed when it shall appear to the appellate court that injustice might be done to the appellant or appellants, but in every such case such appeal shall be docketed, heard and disposed of by said appellate court in accordance with the ordinary rules of law governing the trial of such cases, and under such other orders as the court may see fit to impose." It is claimed, however, that this section, properly construed, only gives the circuit court right to require additional security, where the security is doubtful, evidenced, it is claimed, by that provision of the statute saying that, "if it be not given, or good cause shown why it was not, the same judgment which was rendered by the justice, with the costs of the appeal shall be entered in the circuit court without further trial," etc., and by the further provision thereof, that no such appeal "shall be dismissed * * * * provided the appellant or appellants have executed bond when said bond is required and done all necessary on his or their part to perfect such appeal." But said section also provides, that "in no case shall any appeal from any justice be dismissed when it shall appear to the appellate court that injustice might be done to the appellant or appellants." Moreover, we do not think this section susceptible of the narrow construction claimed. It is the duty of the justice to take and approve the bond, and when appellant has attempted to comply with the statute in relation thereto, and his bond has been approved by the justice, but it appears insufficient in any particular, whether in the penalty, or in any other requirement, the statute, we think is intended to

cover every such case, and requires the circuit court, when the appeal has been docketed therein, and before dismissal, to require a new bond, to be given, otherwise injustice might be done appellant and he be deprived of his right of appeal. In *Holmes* v. *Yoke,* 48 W. Va. 267, 268, one of the objections of the bond taken by the justice was, that it was indefinite for want of a scroll opposite the name of one of the sureties. The court said: "This objection, if at all tenable, can be corrected in the circuit court by the requirement of a new bond, under section 170, chapter 50, Code." In *Harbert* v. *Railroad Co.,* 50 W. Va. 253, 258, this Court said: "It may be objected that the bond is not such in its penalty as the statute requires in the case of an appeal from the judgment of a justice, but section 170 of chapter 50, Code, provides that if the court, in any case, be of opinion that the bond filed is insufficient, or the security doubtful, it may order a new bond in proper form and with good security to be given within a time specified in such order," etc. In the case at bar the circuit court simply dismissed the appeal as improvidently awarded. No order was made, ordering a new bond given within the time fixed by the order of the court, nor did the judgment below otherwise comply with the requirements of said section 2121, as it should have done. The judgment below must therefore be reversed and the case remanded to the circuit court, with directions to order a new bond given in a sufficient penalty, and for further proceedings to be had therein according to law.

*Reversed and Remanded.*