# CHARLESTON

## MALLONEE *v.* TAYLOR.

### Submitted June 15, 1911.   Decided March 5, 1912.

1. JUSTICES OF THE PEACE—*Trial De Novo—Appeal.*

     After an appeal to the circuit court within ten days, or on petition for good cause shown, within ninety days from the date of the judgment of the justice, such judgment is thereby vacated, and the case is thereby removed into the circuit court for trial *de novo*, and no issue of fact tendered by answer to such petition or otherwise will warrant the circuit court in dismissing such appeal as improvidently awarded.   (p. 468).

2. SAME—*Appeal—Dismissal.*

     If, however, the petitioner in his petition and accompanying proofs does not show fraud, accident, surprise, or some adventitious circumstance beyond his control, as an excuse for not having exercised his right of appeal within ten days, the appeal may on motion be properly dismissed, as improvidently awarded.   (p. 468).

3. SAME.

     It is not sufficient to show mistake in the legal consequences of the fact alleged, or mistake of law, though acting by advice of counsel.   (p. 469).

(BRANNON, PRESIDENT, absent).

Error to Circuit Court, Taylor County.

Action by G. W. Mallonee against D. B. Taylor. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*A. W. Burdett,* for plaintiff in error.

*Sidney H. Sommerville,* for defendant in error.

MILLER, JUDGE:

On petition presented to the judge of the circuit court within ninety days, purporting to show cause why he had not appealed within ten days from the date of the judgment, defendant was awarded an appeal from the judgment of the justice against him in favor of plaintiff.

The circuit court, on motion and answer of plaintiff contro-

verting the facts alleged in defendant's petition, dismissed said appeal, as improvidently awarded.   On writ of error to this Court the only question of merit presented is the correctness or incorrectness of that judgment.

On behalf of defendant, plaintiff in error, it is insisted that on award of the appeal, the judgment of the justice thereby became a nullity, and the case was removed to the circuit court for trial *de novo,* and that no issue on the facts tendered by the answer of plaintiff thereto and affidavit filed, could be thereafter tried in the circuit court.

Assuming that defendant's petition, duly verified, shows on its face god cause why he falied to exercise his absolute right of appeal within ten days, given by statute, the proposition contended for is fully supported by the decisions cited and relied on.   *Hubbard* v. *Yocum,* 30 W. Va. 740, 758, 5 S. E. 867; *Ruffner* v. *Love,* 24 W. Va. 181; *Home S. M. Co.* v. *Floding,* 27 W. Va. 540, 544; *McCormick* v. *Short,* 49 W. Va. 1, 37 S. E. 769; *Elkins* v. *Michael,* 65 W. Va. 503, and cases cited.   Plaintiff's counsel, however, contend that the petition does not in fact allege or show good cause, and that the judgment below dismissing the appeal as improvidently awarded is clearly right. Assuming the petition and affidavit to be so defective, the cases above cited, we think, fully support the plaintiff's counter proposition.

The question then is, Is the petition wanting in showing good cause?   According to the decisions cited, to constitute good cause, it must allege facts showing fraud, accident, surprise, or some adventitious circumstance beyond the control of the petitioner, and such as would entitle him to a new trial, or a decree in equity enjoining the judgment.   It is not enough to show mistake in the legal consequences of the facts alleged, or mistake of law, though acting by advice of counsel.   *Ruffner* v. *Love, supra; McClung* v. *Price,* 61 W. Va. 84.   The only reasons alleged by petitioner for not having appealed within ten days, are that he was *informed* and *believed* and so alleged that no writ was ever served upon him upon which the justice could render a *legal* judgment against him; that not having had *legal* notice thereof he did not make defense to the action; that on September 7, 1909, he was *again* served in Ohio county, with a sum-

mons in chancery suit brought in Taylor, and that upon investigation he found said suit was for the purpose of enforcing said judgment. He charges also that the judgment was obtained without *legal* process served upon him, and that, though he has a just defense, he had had no opportunity, by reason of not having received notice, to make defense to the action.

It will be observed that the material facts are alleged on information and belief. Petitioner does not swear that no process was served upon him, but that no writ was served upon him upon which the justice could render "a legal judgment," that not having had "legal notice thereof" he did not make defense, &c. We think we must assume from that charge, that petitioner means not that he in fact had had no notice, but that he relies on his alleged information and belief, that he had not been served with *legal* notice as previously averred. We do not think these allegations amount to a showing of good cause. The facts alleged plainly imply some kind of notice or service of process on the petitioner. The return on the process sworn to by the plaintiff, to whom it is addressed, as special constable, to execute the same, shows that it was in fact served upon petitioner, June 7, 1909, at 1:35 A. M. He does not deny that he was so served. Whether process thus directed to and served by the plaintiff in the action is voidable we need not say for the purposes of this suit; it certainly is not absolutely void. 32 Cyc. 454. Our statute, sections 17 and 30, chapter 50, Code 1906, authorizes the justice, where there is necessity therefor, to direct his process to any constable "or to any person specially deputed by the justice, to serve or execute the same." The justice is the judge of the necessity, at least in the first instance. Whether his action is subject to review on appeal it is unnecessary for us to say; his act would certainly not be void, but voidable only. Nor would his judgment rendered on process so directed and served be void. Appearance on appeal cured defective process and service of process.

While our decisions say, as in *Elkins* v. *Michael, supra,* that where an appeal has been taken within ten days, or afterwards within ninety days for good cause shown the appeal can not be dismissed as improvidently awarded, other decisions hold with equal emphasis, that where an appeal has been awarded after

ten days, and within ninety days, on a petition and proofs, not showing good cause, the appeal is properly dismissed as having been improvidently awarded. *Hubbard* v. *Yocum, supra,* 758; *McClung* v. *Price, supra,* citing *Powell* v. *Miller,* 41 W. Va. 371.

For these reasons we are of opinion to affirm the judgment.

*Affirmed.*