# CHARLESTON.

TAYLOR *v.* CAMPBELL, COOPER AND CO. *et al.*

Submitted January 27, 1914.   Decided February 10, 1914.

JUSTICES OF THE PEACE—*Petition for Appeal—Ground*.

> A petition to a judge of a Circuit Court for an appeal from a judgment of a justice, showing, as ground for the application, failure to file the bond with the justice within the ten day period allowed by law, because the applicant's place of business was a considerable distance from the place of trial, but disclosing omission to procure the bond for six days and the mailing of it to an attorney by reason of which it was not filed in time, the attorney being absent from his home and it not appearing that he was advised of the purpose to send it to him, even though it would have reached him before his departure, if it had been properly routed by the postal authorities, is insufficient; and the appeal allowed thereon must be dismissed, upon a motion for dismissal thereof.

Error to Circuit Court, Pocahontas County.

Action brought in justice's court by H. M. Taylor against the Campbell Cooper Company and another. From a judgment for plaintiff, the circuit court allowed an appeal, and overruled a motion to dismiss the appeal, and a directed verdict was rendered for defendants, from which plaintiff brings error.

*Reversed, and Appeal Dismissed.*

*H. S. Rucker,* for plaintiff in error.

*J. M. N. Downes,* for defendants in error.

POFFENBARGER, JUDGE:

The plaintiff in error recovered in a justice's court a judgment against the Campbell Cooper Company, a corporation, and W. G. Hunt for the sum of $257.08, from which, upon the petition of the former, the judge of the circuit court allowed an appeal, on the ground of prevention by accident or inadvertance of the procurement thereof in the ordinary way, the filing of a bond with the justice. A motion to dismiss the appeal, based upon insufficiency of the matter shown by the petition for the allowance thereof, was overruled, and, on the subsequent trial of the action, the jury rendered a

verdict for the defendants by direction of the court. On the writ of error, the action of the court in overruling the motion to dismiss is complained of.

The material facts set forth in the petition for the appeal are as follows: The judgment was rendered, April 8, 1911. The defendant company had its office at Buckhannon distant 137 miles from the place of trial. The surety in the bond executed it at Clarksburg, April 14, 1911, and on the next day, mailed it to the defendant's attorney at Marlinton, where the justice resided. It was received at the Marlinton post office, Apr. 17 at 5 P. M., but the attorney left that place on business by the same train on which the letter came in, and did not receive it, and the ten day period allowed for taking an appeal expired on the next day. When the attorney got back and received the bond, the time for filing it had passed. If the letter had been properly routed from Clarksburg, it would have reached Marlinton, at 10:50 A. M., Apr. 17. ·

No excuse for the delay of six days is given. The petitioner says it "immediately prepared to take an appeal and to secure a bond," but discloses nothing done by way of preparation for six days. Then instead having the bond mailed to the justice, it permitted it to be sent to the attorney and apparently without any previous arrangement with him for the receipt and filing thereof. If he had been advised of the intention to send it to him, he could easily have had some persons to get it and file it in his absence. As he made no such provision and has given no reason for not having done so, he was probably not advised of the purpose to send it to him.

To warrant the allowance of an appeal by a judge of the circuit court from a judgment of a justice, the petition must show failure to obtain an appeal from the justice by diligent effort within the ten day period, or prevention of the procurement thereof by fraud or some accident or adventitious circumstance beyond the control of the party seeking it. *Price* v. *McClung,* 61 W. Va. 85; *Powell* v. *Miller,* 41 W. Va. 371; *Hubbard* v. *Yokum,* 30 W. Va. 740; *Ruffner* v. *Love,* 24 W. Va. 181. The petition under consideration here does not comply with this rule, for the reasons already indicated.

As the trial court should have sustained the motion to dismiss, its judgment must be reversed, the verdict set aside and

the appeal allowed by the circuit court from the judgment of the justice dismissed.

*Reversed, and Appeal Dismissed.*