# CHARLESTON.

TAYLOR v. CAMPBELL, COOPER & CO. *et al.*

Submitted November 30, 1915.     Decided December 7, 1915.

JUSTICES OF THE PEACE—*Appeal—Dismissal—Judgment on Appeal Bond.*
    After the dismissal of an appeal from the judgment of a justice of the peace, as having been improvidently awarded, the circuit court cannot enter a judgment against the surety in the appeal bond, for the amount of the judgment rendered by the justice, nor for any other amount. Owing to the dismissal of the appeal, there is no breach of the condition of the bond.

    (LYNCH, JUDGE, absent.)

Error to Circuit Court, Pocahontas County.

Action by H. M. Taylor against Campbell, Cooper & Co. and others. Judgment for plaintiff, and defendant Fidelity & Deposit Company of Maryland brings error.

*Reversed.*

*J. M. N. Downes,* for plaintiff in error.

*H. S. Rucker,* for defendant in error.

POFFENBARGER, PRESIDENT:

After the dismissal of the appeal of Campbell, Cooper & Co., a corporation, from the judgment of a justice, in favor of H. M. Taylor, on a writ of error to the judgment of the circuit court, in favor of the defendant, on a verdict directed by the court, as will appear by reference to the report of the

decision in 73 W. Va. 680, and certification of the judgment of dismissal, the circuit court rendered a judgment against Campbell, Cooper & Co. and the surety in the appeal bond, for the sum of $303.34, which seems to be the amount of the justice's judgment with interest and costs added. Assuming lack of jurisdiction to render this judgment, the surety moved the court in vacation, to reverse, annul and set it aside. This motion having been overruled, a writ of error to the judgment was obtained.

The condition of the bond was that the principal therein would perform and satisfy any judgment which should be rendered against it on the appeal, and, upon the trial of the case, judgment would have been rendered against the principal and surety for such amount as the appellee would have shown himself entitled to recover. Code, ch. 50, secs. 171 and 175, ser. secs. 2725 and 2729. No provision of the statute authorizes a judgment against the appellant and his surety, for the amount of the judgment of the justice, except in the case of an insufficient bond and failure to execute a sufficient one, in obedience to an order of the justice or court requiring it, or to show good cause for not having done so within the time prescribed. For such judgments in such cases, authority is conferred by sec. 170, ch. 50 of the Code, ser. sec. 2724. That section also inhibits the dismissal of any appeal, when it shall appear that injustice will result therefrom to the appellant. The appellee in this case was not within the protection of either of these provisions. Nor does he seem to be within another provision of that section, inhibiting dismissal for failure of any justice to comply with any requirements of any statute. If he is, it is too late to invoke it, for the appeal has been dismissed and the judgment of dismissal, if erroneous, has become irremediable.

Moreover, the dismissal was procured by him, and his consequent loss, if any, is the work of his own hands. He could have waived the defects in the appeal and limited his writ of error to a review of the judgment in the circuit court and thus tested his right of recovery.

Nothing is offered in support of the action of the court below, save the contention that some additional order by that court, on the mandate of this court, was necessary. If this

be true, the only consistent order there would have been one of dismissal. To say a court can render a judgment in an appeal case, after dismissal of the appeal, is a palpable and flat contradiction in terms, logic and substance. It would be competent for the legislature so to provide, no doubt, but it has not done so, nor is it perceived that there is any reason for such provision against the results of a litigant's own acts.

An appeal properly taken transfers or removes the case into the circuit court, annulling the judgment of the justice, provided the bond first required by sec. 164, ch. 50, of the Code, ser. sec. 2718, is given, and the appellant cannot dismiss it, *Elkins* v. *Michael,* 65 W. Va. 436. But this cannot be true of an appeal improvidently awarded, for such an appeal must be dismissed. *Taylor* v. *Campbell, Cooper & Co.,* 73 W. Va. 680; *Price* v. *McClung,* 61 W. Va. 85; *Powell* v. *Miller,* 41 W. Va. 371; *Hubbard* v. *Yokum,* 30 W. Va. 740; *Ruffner* v. *Love,* 24 W. Va. 181. If, by an appeal so granted, there is a vacation of the justice's judgment, it is set aside or annulled only provisionally or conditionally, and, on dismissal of the appeal, springs up again or is reinstated. It cannot be both dead and alive at the same time in the circuit court, and the legislature could not have intended to destroy both the judgment and the cause of action by erroneous action of the circuit court, on an application for an appeal.

Our conclusion is that the judgment rendered against the surety in the appeal bond is at least erroneous and wholly unsustained by law, wherefore it will be reversed and set aside.

*Reversed.*