# CHARLESTON.

### KOHN & EILAND v. HERNDON, JUDGE.

Submitted September 6, 1916.   Decided September 19, 1916.

1. JUSTICES OF THE PEACE—*Appeal—Right to.*
    When in an action in detinue a justice of the peace arbitrarily or fraudulently and in total disregard of the evidence adjudges the alternative value of the property sued for to be less than fifteen dollars necessary to confer jurisdiction by appeal upon the circuit court, and on request refuses to award defendant an appeal within ten days from the date of the judgment, good cause is thereby shown for the award of an appeal by the circuit court or the judge thereof in vacation within ninety days. (p. 652).

2. SAME—*Appeals—Jurisdiction—Amount.*
    In such an action the value of the property is the criterion by which the jurisdiction of the appellate court is to be determined, irrespective of such arbitrary or fraudulent findings of the justice. The judgment of the justice is only prima facie evidence of the jurisdictional fact, and may be impeached or contradicted. (p. 652).

3. PRECEDENTS—EFFECT OF.
    The case of *Lee* v. *Moss, Judge*, 68 W. Va. 664, distinguished from this case. (p. 652).

Petition by Sigmond Kohn and another for writ of prohibition against Isaiah H. Herndon, Judge, etc., and others, to prevent consideration of an appeal from justice court.

*Writ denied.*

*G. L. Counts* and *Lawson Worrell*, for petitioners.

*Litz & Harman* and *A. G. Froe*, for respondents.

MILLER, JUDGE:

Petitioners in an action of detinue before a justice obtained a judgment against defendant Smith, for the possession of one hog, or thirteen dollars the value thereof, as found by the justice, and costs.

In the summons in said action the value of said hog was laid at twenty dollars, and five dollars damages for the unlawful detention thereof was also claimed, but the alternative value of the hog as adjudged by the justice was but thirteen dollars, and he gave no judgment for the damages claimed in the summons.

Upon petition of the defendant Smith, duly verified, presented within ninety days, Judge Herndon awarded him an appeal. In said petition it is alleged that the value of said hog was, and that the evidence before the justice showed the same to be, not less than twenty two dollars, and that there was no evidence of any character that its value was less than that sum; and that if said justice intended by his said judgment to fix the value thereof at thirteen dollars, such judgment was arbitrary and for the sole and only purpose of defrauding and depriving petitioner of his right of appeal to the circuit court.

It is also alleged that the justice within ten days after said judgment was pronounced refused petitioner an appeal; and that on the day following he issued to some person some sort of process, and who in petitioner's absence went to his home, took said hog, and delivered the same to said Kohn & Eiland, who immediately slaughtered it and sold it for the sum of thirty eight dollars.

The petitioner also alleged good title to said property in himself and that plaintiffs in said action had no right or interest therein.

Upon the docketing of said appeal in the circuit court plaintiffs moved the court to dismiss the same upon the following grounds: First, because no facts showing good cause for not

having taken said appeal within ten days were presented by said petition; second, that the value of the property in controversy and the alternative value thereof as adjudged by the justice was less than the sum of fifteen dollars, necessary to confer jurisdiction by appeal on said court. This motion, as well as plaintiffs' other motion to continue the case to enable them to apply to this court for a writ of prohibition were overruled, and upon the trial of the action before a jury, the jury disagreed and were discharged. Whereupon, upon the petition of plaintiffs, the present rule in prohibition was awarded by this court.

On the first ground we think that the alleged refusal of the justice to award the appeal within the ten days prescribed by the statute, accompanied with the charge that he arbitrarily, and contrary to all the evidence, adjudged the alternative value of the property to be but thirteen dollars for the purpose of denying appellant right of appeal, constituted good ground for his application to the circuit court. Though not a point of the syllabus, we have decided that the facts alleged in such petition for an appeal cannot be afterwards put in issue or controverted upon the trial in the circuit court. *Hubbard* v. *Yocum,* 30 W. Va. 740, 759.

On the second ground, that the amount in controversy was not sufficient to confer jurisdiction upon the circuit court, the facts alleged in the petition were not denied, so far as the record shows, and if the facts alleged respecting the arbitrary action of the justice and the evidence before the justice respecting the value of the property, were liable to be controverted, we do not know from anything in the record of the circuit court presented with the petition here, what the evidence was. Wherefore, upon any view of the case we cannot say that the judgment of the circuit court denying petitioners' motion was without jurisdiction.

In every action of detinue the value of the property is the criterion by which the jurisdiction of the appellate court is to be determined, irrespective of the verdict or judgment in the justice's court. 24 Cyc. 645; 3 C. J. 428; *Caroway* v. *Cochran,* 71 W. Va. 698.

The question now presented is, is the defendant in such

suit conclusively bound by the arbitrary or fraudulent judgment of a justice as to the value of such property? If so, great wrongs and injustice might be thereby perpetrated upon helpless litigants. A justice's court is not a court of record; the justice is not authorized to certify evidence or sign bills of exceptions. At most his record constitutes only prima facie evidence of jurisdictional and other facts, and the record may be impeached or contradicted. *Emsweller* v. *Wallace,* 78 W. Va. 214, 88 S. E. 787. We differentiate this case from *Lee* v. *Moss,* 68 W. Va. 664, like it in the principal facts, but differing from it in the fact that in the latter case no question was presented involving the arbitrary or fraudulent action of the justice in disregarding the evidence and fixing the value of the property under the appellate jurisdiction of the circuit court. In the Lee Case the value of the property as found by the justice was accepted as true, and right of appeal was predicated alone on the fact that the value of the property was laid at a greater sum in the summons or complaint. But as the defendant was the appellant, the holding as to him was that the judgment against him represented the amount in controversy and determined the jurisdiction of the appellate court. Here we have to deal with the arbitrary or fraudulent action of the justice in fixing the value at a less sum than that claimed in the complaint and shown by the evidence, which, if true, constituted a fraud not only upon the defendant, but upon the jurisdiction of the appellate court. In the recent case of *Rose* v. *O'Brien, Judge,* 77 W. Va. 316, 87 S. E. 378, we decided that a defendant filing a fictitious counter claim on which he neither offered evidence before the justice nor upon the trial upon his appeal to the circuit court, could not thereby deprive the justice of jurisdiction to finally dispose of the case; in other words, that the parties by fraudulent acts cannot deprive one court of jurisdiction or impose it upon another.

Upon these considerations we are of opinion to deny the writ.

*Writ denied.*