# CHARLESTON.

## J. M. HALLER v. CLAY BARTLETT.

Submitted November 21, 1922.   Decided December 5, 1922.

JUSTICES OF THE PEACE—*Error to Dismiss Appeal from Justice Court as Improvidently Awarded by Circuit Court, where Prevented by Negligence of Justice.*

Where a judgment of more than $15.00, exclusive of interest and costs, has been rendered by a justice of the peace against a defendant who, within ten days from the rendition of the same, presents and files with the justice a good and sufficient appeal bond and asks for an appeal to the circuit court, and the justice receives said bond but neither approves nor disapproves the same, but holds it without further action until the ten days allowed for an appeal has expired and then refuses to grant such appeal; such facts incorporated in a petition duly sworn to and presented to the circuit court within 90 days from the rendition of the judgment constitute good cause for not having taken the appeal within ten days under section 174 of chapter 50 of the Code, and it is error to dismiss such appeal so granted, as improvidently awarded.

Error to Circuit Court, Taylor County.

Action in justice court by J. M. Haller against Clay Bartlett. Judgment for plaintiff. From an order of the Circuit Court sustaining a motion to dismiss an appeal from the justice's court, the defendant brings error.

*Reversed and remanded.*

*Warder & Robinson,* for plaintiff in error.
*John G. St. Clair,* for defendant in error.

LIVELY, JUDGE:

On June 23, 1921, a judgment of $324.55 was rendered by a justice of the peace of Taylor County in favor of J. M. Haller against Clay Bartlett, plaintiff in error. On July 2, 1921, Bartlett filed with the justice an appeal bond in the penalty of $675.00 with J. D. Wentz as surety, and applied for

an appeal to the circuit court of that county. The justice received the bond, but at that time neither approved nor disapproved it, and held the same until July 14th following, when he returned it to attorneys for Bartlett, as refused. Thereupon, Bartlett, through counsel, presented his petition, duly sworn to, stating the facts above set out, and exhibiting said bond therewith, to the judge of the circuit court in vacation, under the provisions of sec. 174 of chap. 50 of the Code, and on the 25th day of July a vacation order was entered directing the justice to cease all further proceedings in the action and to transmit, without delay, to the clerk of the circuit court, a complete transcript from the proceedings had thereon together with all original papers relating thereto. At the November term following, the court sustained a motion to dismiss the appeal as having been improvidently awarded; and Bartlett prosecutes this writ of error therefrom.

The only question presented by the record is whether Bartlett, plaintiff in error, has, by his petition, shown good cause for not having perfected his appeal from the judgment of the justice within ten days from the rendition thereof. What constitutes good cause under this section has been considered by this court in *Home Sewing Machine Co.* v. *Floding,* 27 W. Va. 541; *Hubbard* v. *Yocum,* 30 W. Va. 740; *Long* v. *Ohio River Ry. Co.,* 35 W. Va. 333; *Powell* v. *Miller,* 41 W. Va. 371; *Johnson* v. *Ridgley,* 64 W. Va. 130; and *Kohn & Eiland* v. *Herndon, Judge,* 78 W. Va. 650. From these decisions it will be noted that the "good cause shown" by a petitioner must be such as would authorize a court of equity to enjoin a judgment rendered in the circuit court when a party thereto had failed to apply for a new trial during the term; such, for instances, as fraud, accident, mistake, surprise or some adventitious circumstance beyond the control of the party. The petition under oath must allege facts from which it appears that defendant has lost the right by no fault of his own. It will also be noted that we have decided that the facts alleged in the petition cannot be afterwards put in issue or controverted upon the trial in the circuit court. *Kohn & Eiland* v. *Herndon, Judge;* and *Hubbard* v. *Yocum,* cited.

Does the petition under this strict construction of the statute show good cause? While the petition does not specifically allege the date on which the judgment was rendered by the justice, the bond which is filed therewith as an exhibit, does show that it was rendered on the 23rd day of June, 1921. The petition further shows that on account of the absence of the justice from his office a statement of the judgment and costs could not be promptly obtained, by which to prepare the appeal bond, until the 30th of June, or seven days after the rendition of the judgment; that the appeal bond was forwarded to petitioner who lived nine or ten miles from the justice's office, and that he received it on July 1st, promptly executed the same with his surety thereon and took it in person and presented it to the justice on July 2d, which was within ten days from the rendition of the judgment; that the bond was more than double the amount of the judgment; that he and his surety were worth more than the penalty named in the bond and that their property consisted of real and personal property situated in that county; that the petitioner had good defense to the action against him because he had paid off and discharged the account on which the same was based; that the justice took the bond without either approving or declining to approve the same, and kept it until the 14th day of July, 1921, when he returned it to petitioner's counsel, as refused; and that by failure of the justice to reject the bond when it was tendered to him, petitioner was prevented from filing with the justice any new or additional bond, were the same in fact necessary.

It clearly appears from these allegations that petitioner was deceived and lulled into security by the action of the justice. It was the duty of the justice either to reject the bond and refuse the appeal before the expiration of ten days, or accept the bond and grant the appeal within that time, and promptly transmit the papers within the time prescribed by statute. Assuming that the petition under oath truly states the facts the action of the justice lulled the petitioner into a sense of security until after the ten days had expired. He was taken by surprise. He had a right to presume that his appeal had been granted. If the justice had refused to accept the bond

when it was presented, then petitioner would have had time in which to procure a bond the security on which would be without question.

Looking to the bond, which is made a part of the petition, we find a notation on the back thereof as follows: "July 14th, 1921, Warder & Robinson, Gents: I think it is not wise to take a surety on an appeal bond who has no real estate on record, and who refuses to even make a statement as to what his property consists of. And for that reason I do not approve of this bond. And at your request I return same to you. Yours respt, T. M. DeMoss, J. P." This notation shows that the justice refused the bond on the 14th day of July, 1921, eleven days after the right to appeal had expired. If the appeal bond was insufficient by reason of inadequate security or inaptly drawn, as contended for by defendant in error, a motion in the circuit court for a new bond or additional security would have obviated the alleged defect, and conserved the rights of both parties, unimpaired.

We are of the opinion that the petitioner has shown good cause for not having taken the appeal within ten days from the rendition of the judgment; and therefore reversed the order of the circuit court of November 21, 1921, dismissing the appeal as having been improvidently awarded; reinstate the appeal and remand the case.

*Reversed and remanded.*