# CHARLESTON.

LONNIE BLEVINS *v.* THE VIRGINIAN RAILWAY COMPANY

*and*

B. F. BYRD *v.* THE VIRGINIAN RAILWAY COMPANY

(Nos. 6491, 6492)

Submitted October 1, 1929.   Decided October 8, 1929.

*M. P. Howard* and *Bailey & Shannon,* for plaintiff in error.
*Grover C. Worrell* and *Wm. M. Holroyd,* for defendants in error.

LITZ, JUDGE:

The writ in each of these cases was awarded to the judgment of the circuit court, dismissing an appeal from a justice, under section 174, chapter 50, Code, as improvidently awarded.

Judgment was rendered in each action September 29, 1928, by the justice for $150.00, at which time L. M. Norman, as agent of the defendant, noted appeals on its behalf and advised the justice that he would forward the necessary appeal bonds. Thereafter, he prepared and sent to the justice, by registered mail, a form of bond in each case, in the penalty of $300.00, with the defendant as principal and himself as surety, but through oversight failed to sign either. The registered receipt, signed by the justice October 5, 1928, was promptly returned to Norman, but the justice failed to notify him of the incompleteness of the bonds, and for that reason appeals were not perfected within the ten-day period, under section 164 of said chapter 50. Appeals were later awarded by the circuit court under said section 174, which authorizes the circuit court or the judge thereof in vacation to grant an appeal from the judgment of a justice after the expiration of ten days and within ninety days from the date of the judgment when the party seeking it shows "by his oath or otherwise good cause for his not having taken such appeal in the said ten days." The "good cause" required, based upon fraud, accident, mistake, surprise or some adventitious circumstance beyond the control of the party seeking the appeal, must be such as will entitle a party to a new trial in the circuit court or authorize a court of equity to enjoin the enforcement of a judgment where a motion for a new trial has not been made. *Haller* v. *Bartlett*, 92 W. Va. 511. Good cause was held to have been established in that case by evidence showing: that the party seeking the appeal had filed with the justice an appeal bond which the latter failed to act upon until after the expiration of the ten days and then rejected it on the ground that it was not sufficient; and further, that if the justice had promptly rejected the bond as insufficient, the party appealing would have had sufficient time in which to execute another, meeting the supposed requirements.

As the defendant knew, through its agent by the return of the registered receipt, that the bonds had been received by the justice, it had a right to assume that they were sufficient in the absence of notice otherwise. The justice also being

within easy reach of the agent, his silence, under the circumstances, clearly indicates an intention on his part to deprive the defendant of its right of appeal in the interest of the plaintiffs.

The judgments complained of are reversed and the cases remanded.

*Reversed and remanded.*