E. R. Staats

*v.*

C. L. McCarty, *et al.*

(No. 9841)

Submitted May 6, 1947.   Decided May 27, 1947.

*George Shedan,* and *A. G. Mathews,* for plaintiff in error.

*Ambler, McCluer & Davis,* for defendants in error.

Lovins, Judge:

This action was commenced before a Justice of the Peace of Wood County by E. R. Staats against C. L. McCarty and Mrs. C. L. McCarty by a summons dated October 31, 1944. The purpose of the action was to recover the sum of $150.00, exclusive of interest and costs, being the balance of the principal due on a promissory note dated September 14, 1927. Defendants did not appear at the trial by the justice of the peace, and on November 10, 1944, after hearing the evidence of plaintiff, the justice of the peace rendered judgment for plaintiff in the amount of $304.00, consisting of $150.00 principal, interest amounting to $154.00, and costs.

An appeal from the judgment of the justice of the peace was not taken by defendant within ten days after the judgment was rendered. But within ninety days after the date of the judgment, defendants filed with the Circuit Court of Wood County their duly verified petition for an appeal setting forth that they had been advised by counsel that the action on the note was barred by the statute of limitations, and that their attorney had informed the justice of the peace that they would allow a default judgment to be rendered against them in favor of plaintiff, from which an appeal would forthwith be taken. The petition states "* * * that in order to prepare the necessary appeal bond, to be filed immediately after said default judgment had been rendered, the said * * * [attorney] asked the said justice of the peace to advise him of the penalty of said bond, and the said justice of the peace advised him that a bond in the penalty of $300.00 would be sufficient and would be approved; * * *." A bond in the penalty of $300.00 was mailed to the justice of the peace, signed by defendants as principals, and The National Surety Company, as surety. An attorney's check in the sum of $5.00, payable to the order of the Clerk of the Circuit Court of Wood County, West Virginia, was likewise mailed to said justice. Defendants aver that the bond and check were mailed in accordance with the previous understanding with the justice of the peace. The bond and check

above mentioned were received within ten days after the judgment was rendered, but the justice of the peace did not prepare and forward to the Clerk of the Circuit Court of Wood County a transcript of his docket, and refused to allow the appeal.

Without any evidence being adduced in support of the petition, the Circuit Court of Wood County found that the defendants had shown good cause for their failure to take an appeal from the judgment rendered against them by the justice of the peace within ten days from the rendition thereof, approved the bond filed before the justice of the peace as "good and sufficient," and granted an appeal under the provisions of Code, 50-15-6.

It is unnecessary to state the proceedings had and facts developed in the hearing before the Circuit Court of Wood County. It suffices to say that no motion was made by plaintiff to dismiss the appeal as improvidently awarded, and, without questioning the jurisdiction of the circuit court, pleadings were filed and testimony taken, at the conclusion of which the circuit court, on motion of defendants, directed a verdict for them and entered judgment thereon.

A party to an action brought before a justice of the peace, when the amount in controversy is in excess of fifteen dollars, exclusive of interest and costs, is entitled to an appeal as a matter of right, if the appeal is perfected within ten days after the judgment is rendered. Code, 50-15-1, 2. If such right is not exercised within the ten-day period, appeals from the judgments of a justice of the peace may be granted by the circuit court, or other appellate court, if the party desiring an appeal "shall deliver to the court or judge a proper bond, as prescribed in section two of this article, and show by his own oath, or otherwise, good cause for his not having taken such appeal within the said ten days." Code, 50-15-6.

The long established rule in this jurisdiction relative to granting appeals from judgments rendered by a justice of

the peace after the expiration of the ten-day period and within ninety days has been stated repeatedly in substantially the following language: "The good cause for not having taken an appeal within ten days, which is required by this section, must be such as would authorize a court of equity, if the suit had been in the Circuit Court, to enjoin a judgment of such court till a new trial of the case could be had, when a party had failed to apply to the common-law court during the term for a new trial; such, for instance, as fraud, accident, mistake, surprise or some adventitious circumstance beyond the control of the party." *Hubbard* v. *Yocum,* 30 W. Va. 740, 5 S. E. 867; *Ruffner* v. *Love,* 24 W. Va. 181; *Home S. M. Co.* v. *Floding,* 27 W. Va. 540; *Powell* v. *Miller,* 41 W. Va. 371, 23 S. E. 557; *Johnson* v. *Ridgley,* 64 W. Va. 130, 132, 61 S. E. 42; *Mallonee* v. *Taylor,* 70 W. Va. 467, 468, 74 S. E. 415; *Taylor* v. *Campbell, Cooper & Co.,* 73 W. Va. 680, 81 S. E. 12; *Haller* v. *Bartlett,* 92 W. Va. 511, 114 S. E. 870. See *Baker* v. *Gaskins,* 128 W. Va. 427, 36 S. E. 2d 893; *Brinegar* v. *Bank,* 100 W. Va. 64, 130 S. E. 151.

If good cause is not shown by the person petitioning for an appeal under Code, 50-15-6, the court to which the petition is addressed, or the judge thereof in vacation, is without authority to grant an appeal. *Home S. M. Co.* v. *Floding, supra; Johnson* v. *Ridgley, supra.* And the order entered by such court on a petition for an appeal is reviewable by this Court. *Hubbard* v. *Yocum, supra.*

The question of the jurisdiction of the Circuit Court of Wood County, as previously stated, was not raised in that court. We do not regard the failure of plaintiff to raise such question in the trial court as fatal to his contention here. *Cresap* v. *Kemble,* 26 W. Va. 603. See *Buskirk* v. *Ragland,* 65 W. Va. 749, 65 S. E. 101. The jurisdictional question was timely and appropriately brought to the attention of this Court by brief and argument. *McKinley* v. *Queen,* 125 W. Va. 619, 25 S. E. 2d 763. See *Charlotton* v. *Gordon,* 120 W. Va. 615, 618, 200 S. E. 740; *Gapp* v. *Gapp,* 126 W. Va. 874, 877, 30 S. E. 2d 530.

If an unsuccessful litigant in an action before a justice of the peace fails to protect his interest and, through his own neglect, an appeal is not perfected within the ten-day period, he does not have good cause for granting an appeal under the provisions of Code, 50-15-6. This is true even though the justice had represented to him that judgment would be rendered in his favor, but later rendered judgment against him. *McClung* v. *Price,* 61 W. Va. 84, 55 S. E. 996. For variant factual situations which have been held by this Court as not constituting good cause for granting an appeal under the provisions of Code, 50-15-6, see *Ruffner* v. *Love, supra; Home S. M. Co.* v. *Floding, supra; Powell* v. *Miller, supra; Johnson* v. *Ridgley, supra; Mallonee* v. *Taylor, supra;* and *Taylor* v. *Campbell, Cooper & Co., supra.*

But if the facts and circumstances alleged in a petition for an appeal under Code, 50-15-6, show that the person petitioning for an appeal has suffered prejudice by violation of an agreement, as in *McCormick* v. *Short,* 49 W. Va. 1, 37 S. E. 769; or that the justice of the peace has acted fraudulently to the prejudice of a litigant, as in the cases of *Krohn, Fechheimer & Co.* v. *Sohn,* 68 W. Va. 687, 70 S. E. 699, and *Kohn* v. *Herndon,* 78 W. Va. 650, 90 S. E. 107; or that a good and sufficient bond had been filed with the justice of the peace and he had refused to grant an appeal, as in the cases of *Haller* v. *Bartlett, supra,* and *Worley* v. *Easley,* 123 W. Va. 1, 13 S. E. 2d 158; those facts constitute good cause and the appeal is properly awarded by the appellate court.

In the instant case, notwithstanding that the justice had indicated that a bond of $300.00 would be sufficient, it was the duty of defendants to inform themselves as to the amount of the judgment, and to comply with the law by filing a bond in a penalty of double the amount of the judgment. Code, 50-15-2.

The justice had no power to fix the amount of the penalty of the bond: that is fixed by statute. Considering the allegation of the petition as true and that the justice did,

in fact, represent that the bond would be sufficient, such representation was not sufficient to excuse defendants from diligence and prompt action in perfecting their appeal. *McClung* v. *Price, supra; Powell* v. *Miller, supra.*

All of the decided cases in this jurisdiction, with the exceptions to be hereinafter noted, show that this Court has rigidly adhered to the rules announced in the earlier cases and now followed in this case. In the case of *Smith* v. *Gas Company,* 65 W. Va. 216, 63 S. E. 1096, an appeal was granted by the justice of the peace, although the bond filed with him within the ten-day period was less than double the amount of the judgment appealed from. We entertain grave doubt whether the justice of the peace in the *Smith* case had jurisdiction to grant an appeal contrary to the provisions of the applicable statute, which is now Code, 50-15-2. The language of the statute requiring a bond in a penalty double the amount of the judgment is plain, unambiguous and direct. No one can doubt the effect of said statute. However, in the *Smith* case the appeal was granted by the justice. And if a justice of the peace grants an appeal in accordance with the statute providing therefor, a defect in the bond may be remedied under the provisions of Code, 50-15-12. In this case the justice refused to grant the appeal and the Circuit Court of Wood County assumed jurisdiction without proper showing of good cause as required by statute. In that sense, the case at bar is to be distinguished from the *Smith* case.

We note the opinion of this Court in the consolidated cases of *Blevins* v. *Railway Co.* and *Byrd* v. *Railway Co.,* 107 W. Va. 669, 150 S. E. 1. An examination of the opinion, briefs and records in those cases leads to the conclusion that the opinion is not supported by the weight of authority. In the *Blevins* and *Byrd* cases the parties petitioning for appeals had filed unsigned appeal bonds, mailed the same to the justice by registered mail, and received return receipts therefor a short time thereafter. The justice of the peace did not notify the parties desiring the appeals that the bonds lacked signatures. On that

state of facts this Court held that the appeals were properly granted on a showing of good cause. But the rule with reference to the good cause hereinbefore stated is contrary to the decision of this Court in the *Blevins* and *Byrd* cases. Accordingly, we overrule the cases of *Blevins* v. *Railway Co.* and *Byrd* v. *Railway Co.*, 107 W. Va. 669, 150 S. E. 1.

If an appeal is properly taken from a judgment of a justice, the case is then transferred to an appellate court, and the judgment of the justice is annulled. *Taylor* v. *Campbell, Cooper & Co.*, 77 W. Va. 347, 87 S. E. 377. But such is not true in this case. The appeal having been improvidently awarded, and the jurisdiction of the court granting the appeal being properly challenged in this Court, the judgment of the justice of the peace was vacated conditionally and, on dismissal of the appeal, the judgment of the justice is reinstated. *Taylor* v. *Campbell, Cooper & Co.*, 77 W. Va. 347, 87 S. E. 377.

We therefore hold that the Circuit Court of Wood County acted without jurisdiction in granting an appeal and in rendering a final judgment. Accordingly, the ruling granting an appeal and the judgment of the Circuit Court of Wood County are reversed; and the judgment of the justice of the peace is reinstated.

*Reversed.*