## CHARLESTON.

### POWELL *et al.* v. MILLER *et al.*

Submitted September 5, 1895.—Decided Nov. 30, 1895.

1. APPEAL FROM A JUSTICE—TIME FOR TAKING APPEAL.

Where a party desires to appeal from the judgment of a justice which has been rendered against him, goes to the justice's office within ten days after the date of such judgment, and informs the justice that he wishes to take an appeal, and the justice, being engaged at the time, promises him to prepare a bond, and bring it to his place of business for execution, and such party pays no further attention to the matter until after the ten days have ex-

pired, the justice failing to comply with his promise within the ten days, these facts, stated in a petition to the judge of the circuit court in vacation, are not sufficient cause for granting an appeal, as prescribed by statute, within ninety days after the date of said judgment.

2.  APPEAL FROM A JUSTICE—GRANTING APPEAL BY CIRCUIT COURT.

  The good cause for not having taken the appeal within ten days required by section 174 of chapter 50 of the Code, must be such as would authorize a court of equity, if the suit had been in the circuit court, to enjoin a judgment of such court till a new trial of the case could be had when a party had failed to apply to the common-law court during the term for a new trial; such, for instance, as fraud, accident, mistake, or surprise, or some adventitious circumstance beyond the control of the party.

J. NELSON WISNER for plaintiff in error, cited 24 W. Va. 185; 2 Gratt. 336; 2 Leigh, 474; 21 W. Va. 469; 33 W. Va. 132; 25 W. Va. 571; 19 W. Va. 214; 6 W.Va. 79; 4 H. & M. 453; 4 Call, 528; 27 W. Va. 540; 18 W. Va. 286; 30 W. Va. 740.

FLICK & WESTENHAVER for defendant in error, cited Code, c. 50, s. 174; 24 W. Va. 181; 27 W. Va. 540; 30 W. Va. 740; 35 W. Va. 336; 39 W. Va. 29; 11 W. Va. 654; 15 W. Va. 434; 8 Leigh, 114; 18 Gratt. 264.

ENGLISH, JUDGE:

On the 27th day of May, 1893, W. S. Powell & Co. instituted a suit before P. R. Harrison, a justice of the peace of of Berkeley county, against J. Wm. & C. A. Miller to recover three hundred dollars damages for breach of two certain contracts, and on June 15th, judgment was rendered against the defendants for one hundred and forty five dollars and costs. Before the expiration of ten days thereafter, C. Miller, one of the defendants, appeared at the office of the said justice when he was engaged in the transaction of other business, and stated to said justice that he desired to give the bond necessary for an appeal to the Circuit Court of Berkeley county. The justice informed him that he would fill out the bond, and bring it to said Miller's place of business for him to execute, in order to take the appeal, but failed so to do, and said justice states in an af-

fidavit filed that such failure was an unintentional omission on his part, and not the fault or negligence of said defendant.

Said C. A. Miller afterwards presented a petition in vacation to the judge of the circuit court of said county, setting forth therein the above facts, supporting the same with the affidavit of said justice, and praying an appeal; and on the 28th day of June, 1893, upon consideration of said petition, the judge of said circuit court in vacation allowed said appeal, said defendants having delivered a proper bond, with security as required by law; and on the 2d day of October, 1893, the plaintiff and appellee, by his attorney, moved the court to dismiss said appeal, granted as aforesaid in vacation, because the same was improvidently allowed; and the court, being of opinion that said appeal was improvidently allowed, no good cause being shown by the appellant for not having taken the appeal within ten days, dismissed said appeal at the defendant's costs, and from this order dismissing said appeal this writ of error was obtained.

The only error relied on by the appellant is that "it was error to dismiss said appeal as improvidently allowed, because the circumstances were such 'adventitious circumstances beyond the control of the defendants, as would entitle him to a new trial."

Our Code (chapter 50, s. 164) provides that "an appeal shall not be allowed by the justice, unless within ten days after the judgment is rendered or revived, bond, with good security, to be approved by the justice, in the penalty of double the amount of the judgment, is filed with him," conditioned as therein prescribed; and section 174 of the same chapter provides that "appeals from the judgment of justices may be granted after the expiration of ten days, and within ninety days after the date of the judgment, by the circuit court in term time, or the judge thereof in vacation, when the party seeking the appeal * * * shall deliver to the court or judge a proper bond with sufficient security thereto, as hereinafter prescribed, and show by his own oath, or otherwise, good cause for his not having taken such appeal within the said ten days."

Now, the question presented for consideration by this record is whether the appellant, in his petition for an appeal, addressed to the judge of the circuit court of Berkeley county, showed good cause for his not having taken said appeal within ten days. The case of *Lowther* v. *Davis*, 33 W. Va. 132 (10 S. E. 20) is relied on by the appellant, in which it is held that "the refusal of a justice to grant an an appeal from his action or judgment, in a proper case, is sufficient cause for the granting of such appeal by the judge of the circuit court upon the petition of the party aggrieved stating such refusal of the justice." In that case, however, the petitioner had done all in his power to obtain the appeal, had tendered an appeal bond, and asked the justice to allow him an appeal, and the justice refused to do so. Did the appellant in this case do all that the law required him to do within the ten days in order to entitle him to an appeal upon application to the judge within ninety days ? It is true, he went to the office of the justice within the ten days, and told him he wanted to take an appeal. The statute is imperative that the appeal shall not be granted by the justice unless, within ten days after the judgment is rendered, bond with good security, to be approved by the justice is filed with him. The appellant neither had a bond with him, ready to file, nor did he file one as required by statute in order to obtain an appeal. The excuse relied on by the appellant for his failure to file the bond is that the justice was busy at the time he called on him to take the appeal, and promised him to prepare a bond, and bring it to his place of business. It must be presumed that the justice was not the only one who could prepare an appeal bond. The law does not require him to prepare it, but it does provide that it must be filed with him. This must be done by the party desiring to appeal, and it must be approved by the justice. If the appellant had either prepared the bond himself, or employed some competent person to prepare it for him, and presented it to the justice, properly executed, and with sufficient surety, then it would have been the duty of the justice to approve the bond and allow the appeal. This he might have done in the last hour of the ten days, but, although it must have been apparent to

him when the ten days were about expiring that the justice was not going to comply with his promise, he allowed the entire time to expire, without going again to the justice, and offering him a proper bond. In the case of *Hubbard* v. *Yocum*, 30 W. Va. 740 (5 S. E. 867) a summons had been served upon Yocum in a suit before a justice, and he allowed judgment to go against him. The day before judgment was rendered against him he wrote to his counsel, residing in the county, asking him, if judgment went against him, to take an appeal, which letter was mailed, but miscarried from some cause, and was never received by the attorney; and, without making any inquiry whether the letter had reached its destination or not he went off, attending to his usual business. Upon these facts it was held that the circuit court or a judge thereof in vacation ought not to grant an appeal. It was also held in that case that the good cause for not having taken the appeal within ten days which is required by that section must be such as would authorize a court of equity, if the suit had been in the circuit court, to enjoin a judgment of said court till a new trial of the case could be had, when the party had failed to apply to the common-law court during the term for a new trial; such, for instance, as fraud, accident, mistake, or surprise, or some adventitious circumstance beyond the control of the party.

This Court in the case of *Ruffner* v. *Love*, 24 W. Va. 181, held that the same test must be applied in determining whether good cause was shown in the petition for having failed to take the appeal within ten days; and, applying this test to the case under consideration, we can not say that the appellant, in his petition, presented such cause as would have entitled him to relief in a court of equity on application for a new trial.

The judgment complained of is therefore affirmed, with costs, *etc.*