298 S.E.2d 133

**R.E. BOSSERDET dba Snap-On Tools**

**v.**

**John POE.**

**No. 15439.**

Supreme Court of Appeals of West Virginia.

Nov. 19, 1982.

**160**

Alan Moats, Waters & Moats, Grafton, for appellee.

Regina Charon, Morgantown, for appellant.

PER CURIAM:

John Poe, defendant below and appellant in this proceeding, appeals from a final order of the Circuit Court of Taylor County

entered on September 17, 1981, denying his petition to appeal an adverse ruling from the magistrate court. For the reasons set forth below, we reverse.

On August 15, 1979, R.E. Bosserdet/dba Snap-On Tools, filed suit against the appellant in the magistrate court of Taylor County for the balance allegedly due on an account. The appellant had purchased certain tools needed for his employment from Mr. Bosserdet under an installment contract, and when he was subsequently injured and unable to work could not make the required payments.

At the hearing held in the magistrate court the appellant appeared in person without counsel. The record does not indicate whether the plaintiff Bosserdet was represented by an attorney. At the conclusion of the hearing a judgment was entered against the appellant in the amount of $1,129.00, plus costs. After the judgment was rendered, the magistrate advised the appellant that he had a right to appeal within twenty days by posting a bond in the amount of the judgment.

The appellant did not file an appeal within the twenty-day period. However, he subsequently obtained counsel from Legal Aid and on December 6, 1979, filed a petition for appeal in the Circuit Court of Taylor County. That petition alleged that he could show good cause why he had not taken an appeal within the twenty days from judgment. A hearing on the appellant's petition was held and evidence was presented. After hearing the evidence, the court denied the petition for appeal.

*W.Va.Code*, 50–5–12 [1978] provides in pertinent part:

Any person may appeal the judgment of a magistrate court to the circuit court as a matter of right by requesting such appeal not later than twenty days after such judgment is rendered or not later than twenty days after a decision is rendered upon a motion to set aside such judgment.... If no appeal is perfected within such twenty-day period, the circuit court of the county may, not later than ninety days after the date of judgment,

grant an appeal upon a showing of good cause why such appeal was not perfected within such twenty-day period.

On appeal the appellant argues that he had good cause for failing to file his appeal within the twenty-day period provided for in the statute. After a thorough examination of the record before us, we believe that good cause was shown and that the circuit court erred in denying the appellant's appeal.

Although *W.Va.Code*, 50-5-12 [1978] provides that one who appeals a magistrate court judgment must post a bond "in a reasonable amount not less than the reasonable court costs of the appeal nor more than the sum of the judgment and the reasonable court costs of the appeal ...", the statute also states that no bond is required "of a person who has filed an affidavit pursuant to section one [§ 59-2-1], article two, chapter fifty-nine" of the Code.[1]

The record in this case indicates that the presiding magistrate informed the appellant subsequent to judgment being rendered that he could appeal, but that in order to do so he would have to file a bond in the amount of the judgment. At the hearing which was held in the circuit court on his petition for appeal, the appellant testified that he wanted to appeal the magistrate court judgment at the time it was announced, but that he did not have the financial means to do so. He also testified that he understood that without the money to post the bond he would not be allowed to appeal.

■ The test for determining whether good cause has been shown for failure to appeal within the time set by statute for appeals in civil cases was stated by this Court in syllabus point 2 of *Powell v. Miller*, 41 W.Va. 371, 23 S.E. 557 (1895):

The good cause for not having taken the appeal within 10 days [now 20 days] required by section 174 of chapter 50 of the Code [now *W.Va.Code*, 50-5-12] must be such as would authorize a court of equity, if the suit had been in the circuit court, to enjoin a judgment of such court till a new trial of the case could be had when a party had failed to apply to the common-law court during the term for a new trial; such, for instance, as fraud, accident, mistake, or surprise, or some adventitious circumstance beyond the control of the party.

■ Applying this test to the case before us, we conclude that the appellant had good cause for not appealing the magistrate judgment within twenty days. The record shows that although the magistrate knew that the appellant had been injured and was unemployed, he did not inform the appellant of the existence of *W.Va.Code*, 59-2-1 [1923] under which the appellant could have filed a pauper's affidavit and been excused from filing an appeal bond with money he did not have. Instead, the magistrate incorrectly informed the appellant that he would have to pay $1,129.00 if he wanted to appeal.

Syllabus point 2 of *Powell v. Miller, supra*, lists several factors as examples of what would constitute good cause for failure to file a timely appeal. Among others, fraud, accident, mistake or surprise will excuse such failure. In the instant case, there is no doubt that the appellant received incomplete, and therefore incorrect, information from the magistrate and that because of this information he was under the mistaken impression that he had to pay an $1,129.00 bond in order to appeal the adverse judgment. Under these circum-

1. *W.Va.Code*, 59-2-1 [1923] states in part:
A poor person may be allowed by a court to sue or defend a suit therein without paying fees, or costs, whereupon he shall have from any counsel which the court may assign him and from all officers, all needful services and process, and also the assistance of witnesses, without any fees to them therefor, except what may be included in the costs recoverable from the opposite party. A poor person, with- in the meaning of this section, shall be one who shall make and file in the court, or with the officer whose services may be demanded or required, an affidavit stating that he is pecuniarily unable to pay fees or costs, or counsel fees, and upon the filing of such affidavit in court or with any officer, then such officer shall perform any services required by law to be performed by him, as if the legal fees for such services had been paid.

stances, we believe that the test set forth in *Powell v. Miller, supra,* was met and that there was good cause for the appellant's failure to file an appeal within the twenty days required by *W.Va.Code,* 50–5–12 [1978]. The record indicates that the appellant filed his petition for appeal in the circuit court on December 6, 1979, within ninety days of the day the magistrate judgment was rendered.[2] We therefore hold that the circuit court erred in denying the petition when a showing of good cause was made.

For the above reasons the judgment of the Circuit Court of Taylor County is reversed and the case is remanded.

Reversed and remanded.

**2.** The judgment from the magistrate court was entered on September 17, 1979.