451 S.E.2d 435

**John S. RUBLE, Plaintiff Below, Appellee,**

v.

**OFFICE OF the SECRETARY OF STATE of West Virginia, Defendant Below, Appellant.**

**No. 22204.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 1994.

Decided Nov. 22, 1994.

Darrell V. McGraw, Jr., Atty. Gen., Daynus Jividen, Asst. Atty. Gen., Charleston, for appellant.

V. Alan Riley, Keyser, for appellee.

PER CURIAM:

This is an appeal from the November 18, 1993, order of the Mineral County Circuit Court, which reversed the decision of the Secretary of State of West Virginia ("appellant") denying appellee John S. Ruble a private investigator's license. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, the judgment of the circuit court is reversed.

I

The appellee made an application to the appellant[1] for licensure as a private investigator in West Virginia. On March 16, 1993, the appellee's application was denied by the appellant based on the appellee's failure to meet the statutory educational requirements in existence at the time the appellee's application was made. The pertinent statute, W.Va.Code, 30–18–2(1) [1959],[2] provides, in relevant part, that "[e]very such applicant shall establish to the satisfaction of the secretary of state that such applicant ... shall have had at least one year's training in investigative work at an accredited college or university or licensed private detective agency." One year's training at an accredited college or university has been interpreted by the appellant to be "at least thirty (30) semester

hours credit in investigative studies." 153 C.S.R. § 11–2.4.

The appellee requested administrative review of the appellant's decision[3] and on May 12, 1993, a hearing was held before Hearing Examiner Samuel P. Cook. The appellee testified that he had completed thirteen days, or sixty-four hours, of training at the Northern Virginia Security Academy, an institution which is not accredited within the meaning of W.Va.Code, 30–18–2(1) [1959]. Furthermore, the appellee had no training at a licensed detective agency.

Applying W.Va.Code, 30–18–2(1) [1959], Hearing Examiner Cook concluded that, "[a]s a result of his educational deficiencies the [appellee] is unqualified to hold the position of licensed private investigator in the State of West Virginia," and, therefore, recommended that the appellee's application be denied. The appellant subsequently adopted Hearing Examiner Cook's findings of fact and conclusions of law and denied the appellee's application for a license as a private investigator in West Virginia.

On appeal to the Circuit Court of Mineral County,[4] the circuit court, upon review of the file and proceedings and the hearing examiner's decision, found, *inter alia*, that "the [h]earing [e]xaminer's decision violates [appellee's] right to due process" and that the appellee is "qualified under an educational program that is substantially equivalent to the requirements of the statute." Accordingly, the appellant was ordered to issue to the appellee a license to practice as a private investigator in West Virginia. It is from this decision that the appellant now appeals.

1. The Secretary of State is the administrative agency charged with the licensing of private detectives and investigators in West Virginia. W.Va.Code, 30–18–5 [1959].

2. Paragraph two of W.Va.Code, 30–18–2(1) [1959] states:
 Every such applicant shall establish to the satisfaction of the secretary of state that such applicant, if he be a person, or, in the case of a firm, partnership or corporation, at least one member of such firm, partnership or corporation, has been regularly employed as a detective or shall have been a member of a city or

state police department, for a period of not less than three years, or shall have had at least one year's training in investigative work at an accredited college or university or licensed private detective agency.

3. W.Va.Code, 30–18–5 [1959] provides for an administrative hearing prior to denying an application for a private investigator's license.

4. The State Administrative Procedures Act provides for judicial review of contested cases. W.Va.Code, 29A–5–4 [1964].

## II

The primary issue before this Court is whether the Circuit Court of Mineral County erred in reversing the decision of the hearing examiner and the appellant's adoption thereof, which denied the appellee's application for a private investigator's license.

 The circuit court determined, without explanation, that the hearing examiner's decision violated the appellee's due process rights.[5] Due process has been generally expressed as follows: "[T]he court which undertakes to determine the rights of the parties must have jurisdiction of the proceeding, that the parties to the proceeding must have due notice, and that they must be afforded a reasonable opportunity to be heard before their rights are adjudicated or determined." *Walter Butler Building Co. v. Soto,* 142 W.Va. 616, 636, 97 S.E.2d 275, 287 (1957). *See also State ex rel. Peck v. Goshorn,* 162 W.Va. 420, 249 S.E.2d 765 (1978); *State ex rel. Payne v. Walden,* 156 W.Va. 60, 190 S.E.2d 770 (1972); *State ex rel. Bowen v. Flowers,* 155 W.Va. 389, 184 S.E.2d 611 (1971). There has never been any question in this case that the appellee was given due notice and an opportunity to be heard. The appellee appeared, with counsel, at the administrative hearing on May 12, 1993, where he called and cross-examined witnesses. Furthermore, the appellant's decision to deny the appellee a private investigator's license complied with the statutory provisions set forth in *W.Va.Code,* 29A–5–3 [1964], which, *inter alia,* requires "[e]very final order or decision rendered by any agency in a contested case ... [to] be accompanied by findings of fact and conclusions of law." *W.Va.Code,* 29A–5–3 [1964] further requires that findings of fact be accompanied by "a concise and explicit statement of the underlying facts supporting the findings."[6] Examination of the hearing examiner's decision reveals that he rendered findings of fact and conclusions of law which were supported by facts and evidence presented at the hearing. We conclude, therefore, that, while the appellee did receive an adverse decision, his due process rights were not violated.

 The standard of review of administrative hearings, consistent with the language contained in *W.Va.Code,* 29A–5–4(g) [1964], was articulated by this Court in syllabus point 1 of *St. Mary's Hospital v. State H.P.D.A.,* 178 W.Va. 792, 364 S.E.2d 805 (1987):

'Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or

---

**5.** The circuit court's findings of fact read as follows:

> (1) The Court finds that John S. Ruble has education and experience sufficient to the equivalent of the requirements set forth by West Virginia Code Section 29A–5–4 et seq.
> (2) The Court finds that John S. Ruble has been licensed to practice as a private investigator in the State of Virginia.
> (3) The Court finds that the Hearing Examiner's decision violates John S. Ruble's right to due process.
> (4) The Court finds that John S. Ruble is qualified under an education program that is substantially equivalent to the requirements of the statute.

**6.** The complete text of *W.Va.Code,* 29A–5–3 [1964] states:

> Every final order or decision rendered by any agency in a contested case shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. Prior to the rendering of any final order or decision, any party may propose findings of fact and conclusions of law. If proposed, all other parties shall be given an opportunity to except to such proposed findings and conclusions, and the final order or decision shall include a ruling on each proposed finding. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. A copy of the order or decision and accompanying findings and conclusions shall be served upon each party and his attorney of record, if any, in person or by registered or certified mail.

(3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." ' Syl.Pt. 2, *Shepherdstown Volunteer Fire Department v. Human Rights Commission,* [172] W.Va. [627], 309 S.E.2d 342 (1983).

A reviewing court is required to examine the record of the proceeding below to ascertain whether there is evidence to support the administrative agency's decision. Such examination is to be conducted "pursuant to the administrative body's findings of fact, regardless of whether the court would have reached a different conclusion on the same set of facts." *Frank's Shoe Store v. Human Rights Comm'n,* 179 W.Va. 53, 56, 365 S.E.2d 251, 254 (1986), *citing Anderson v. City of Bessemer City,* 470 U.S. 564, 574–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518, 528 (1985).

■ *W.Va.Code,* 30–18–2(1) [1959], as it existed at the time the appellee applied for a private investigator's license, explicitly sets forth the statutory educational requirements of applicants: "Every such applicant ... shall have had at least one year's training at an accredited college or university or licensed private detective agency." In denying the appellee a private investigator's license, the hearing examiner followed the plain language of *W.Va.Code,* 30–18–2(1) [1959], pursuant to the following well-settled principle: " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus

Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syl. pt. 2, *Stowers and Sons Trucking Co. v. PSC,* 182 W.Va. 374, 387 S.E.2d 841 (1989).

■ Furthermore, *W.Va.Code,* 30–18–2(1) [1959] contains the word "shall" and, as we stated in syllabus point 5 of *Rogers v. Hechler,* 176 W.Va. 713, 348 S.E.2d 299 (1986), " '[t]he word "shall" in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation.' Syl. pt. 2, *Terry v. Sencindiver,* 153 W.Va. 651, 171 S.E.2d 480 (1969)." The statutory educational requirements that an applicant for a private investigator's license receive one year's training at an accredited institution are, therefore, mandatory. *W.Va.Code,* 30–18–2(1) [1959]. In that the language of *W.Va.Code,* 30–18–2(1) [1959] is clear and unambiguous, it is inconsistent with the circuit court's determination that the training the appellee received is "substantially equivalent" to that which is required by statute. The circuit court erred in ignoring the statute's plain meaning and the foregoing fundamental principles.

We note that in 1994, the legislature amended *W.Va.Code,* 30–18–2, which now allows an applicant for a private investigator's license to receive training and experience "substantially equivalent" to that which is otherwise set forth in that *Code* section. We further note, however, that this amended statute did not become effective until June 10, 1994, some seven months *after* the circuit court's decision.[7]

For the reasons stated above, the judgment of the Circuit Court of Mineral County is hereby reversed.[8]

---

7. Nothing in this opinion should preclude the appellee from reapplying for a private investigator's license under the new statute.

8. The appellee also argued below that a clerk employed by the appellant led the appellee to believe that, to obtain a private investigator's license in West Virginia, the Northern Virginia Security Academy, though not accredited, need only be a "recognized" institution. The appellee allegedly relied on the representation that West Virginia recognized the Northern Virginia Security Academy and, accordingly, expended funds, time and effort in completing the course there.

We note, however, the appellant's denial that any such representation was made to the appellee.

Whichever the case may be, the appellee's argument is without merit in that this Court has previously held that " '[a] state is not bound by unauthorized acts of public officers. Their misconduct is no estoppel against the state.' Point 5 Syllabus, *State v. Chilton,* 49 W.Va. 453 [39 S.E. 612]." Syl. pt. 5, *Samsell v. State Line Development Company,* 154 W.Va. 48, 174 S.E.2d 318 (1970).

Reversed.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.