483 S.E.2d 560

**James W. RICE, Plaintiff Below, Appellant,**

v.

**The CONSOLIDATED PUBLIC RETIRE- MENT BOARD of the STATE OF WEST VIRGINIA, Defendant Below, Appellee.**

No. 23464.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1997.

Decided Feb. 21, 1997.

Barry M. Taylor, Raymond A. Nolan, Jenkins, Fenstermaker, Krieger, Kayes & Agee, Huntington, for Appellant.

Kenneth E. Webb, Jr., Bowles Rice McDavid Graff & Love, Charleston, for Appellee.

PER CURIAM:

This case is before this Court on appeal of the November 16, 1995 order of the Circuit Court of Wayne County, which affirmed a Consolidated Public Retirement Board order denying appellant James W. Rice's application for disability retirement benefits. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For reasons discussed below, the circuit court's order is affirmed.

I.

It is undisputed that appellant James W. Rice is a member of the public employees retirement system with ten years and six months of service. *See generally* West Virginia Public Employees Retirement Act, *W. Va.Code*, 5–10–1, *et seq.* On or about April 11, 1991, appellant, during the course of his employment as an equipment operator at the Department of Highways, injured his back while attempting to lift the five hundred pound tailgate of a truck. Appellant, who is approximately forty-six years old, has not worked since the date of this injury.

On or about June 10, 1994, appellant applied to the Consolidated Public Retirement Board (hereinafter "Board") for disability retirement benefits, pursuant to *W. Va.Code*, 5–10–25(a) [1994]. *W. Va.Code*, 5–10–25(a) [1994] provides, in relevant part:

Upon the application of a member or former member of the retirement system, or his or her present or past employing authority, any member or former member who is in the employ of a participating public employer or was in the employ of a participating public employer on a date which is twelve months or less from the date upon which the former member became incapacitated, *who has ten or more years of credited service of which three years is contributing service, and who becomes totally and permanently incapacitated for employment, by reason of a personal injury or disease, may be retired by the board if after a medical examination of the said member or former member made by or under the direction of a medical committee consisting of two physicians, one of whom shall be named by the board, and one by the said member or former member, the said medical committee reports, in writing, to the board that the said member or former member is physically or mentally totally incapacitated for employment, that such incapacity will probably be permanent, and that the said member or former member or former member should be retired.* In the event the two above-mentioned examining physicians do not agree in their findings, then the board may, at its discretion, appoint a third physician to examine said member or former member and, based upon the third physician's report in writing, the board

may retire said member or former member.

*Id,* in relevant part. (emphasis added).

In addition to his application for benefits, appellant submitted to the Board medical evidence and reports from his treating physicians, indicating that appellant suffered from the following ailments: a weak left upper extremity as a result of a 1988 work-related injury in which he ruptured his left biceps tendon; limited range of motion of the left shoulder; chronic low back pain; disabling osteoarthritis; and hypertension. Appellant's treating physicians all concluded that he was totally and permanently disabled and could not be gainfully employed in any capacity.

Appellant was also examined by a physician selected by the Board. *See W. Va. Code,* 5-10-25(a) [1994], *supra.* Though the Board-selected physician concluded that appellant was totally and permanently disabled and would never be able to return to his previous employment as an equipment operator, the Board-selected physician determined that appellant could be gainfully employed in some other capacity.

By letter dated November 18, 1994, appellant was informed that the Board had denied his application for benefits because "[t]here was not sufficient medical information for the Board to grant [him] a disability retirement." The November 18, 1994 letter further indicated that

[t]he major factor in the approval of any disability retirement is the legal requirement that the applicant's doctor and a doctor selected by the Board both agree

that the employee is totally and permanently disabled based on substantial medical reasons. In this connection, we expect any physician's examination to find substantial medical reasons why the employee should be granted disability retirement benefits.

Finally, the Board's November 18, 1994 letter offered appellant the option of either requesting another medical examination, at appellant's expense, by another physician selected by the Board, or of appealing the Board's decision to the Board's hearing officer. Appellant elected to appeal his case to the hearing officer.

Following a hearing on December 28, 1994, Hearing Officer Jack W. DeBolt recommended that appellant's application for disability retirement benefits be denied. In a recommended decision dated January 4, 1995, Hearing Officer DeBolt made the following conclusions of law: [1]

1. That provisions of § 5-10-25 of the West Virginia Code require that the Board-selected examining physician concur with an applicant's physician that the applicant cannot be employed in any capacity in order to qualify for disability retirement benefits. That the Board-selected physician agrees that an applicant cannot return to the employment previously held is not sufficient to permit an award.

2. That the applicant is not mentally or physically totally and permanently incapacitated from employment within the meaning of and to the degree of proof required by § 5-10-25 of the West Virginia Code.

---

1. Hearing Officer DeBolt also made findings of fact, several of which outlined the medical evidence presented:

4. Dr. Jeffrey Keys examined the applicant in connection with his Workers Compensation claim. Dr. Keys gave deposition testimony indicating that the applicant could never return to his employment with the Division of Highways. Dr. Keys also felt that it would be very difficult for the applicant to be rehabilitated. He did not render an opinion as to the applicant's ability to be employed in other types of work, although he stated that he knew of no job which would accommodate the applicant's limitations.

5. Dr. David Patrick, one of the applicant's treating physicians, has rendered the opinion that the applicant could not return to his previous employment, would never be able to be employed in any capacity and was totally and permanently disabled.

6. The applicant was examined on behalf of the Board by Dr. John Walden. Dr. Walden concurred that the applicant could never return to his previous employment. Dr. Walden thought he was totally and permanently disabled but thought that he could be employed in some capacity. The opinion regarding the applicant being totally and permanently disabled was related to his previous employment, as stated in his narrative report.

Appellant, who had been proceeding *pro se*, retained counsel and on January 16, 1995, filed a motion for additional medical examination. On February 1, 1995, appellant filed a motion to amend recommended decision. According to appellant, neither of these motions was considered by the hearing officer.

In a letter dated February 24, 1995, the Board's Executive Secretary, James L. Sims, informed appellant that his appeal for disability retirement benefits, reviewed by the Board at its meeting on February 21, 1995, had been denied. Mr. Sims' letter indicated that "[t]here was not sufficient medical information for the Board to grant [appellant] a disability retirement[,]" and further, that

> [t]he major factor in the approval of any disability retirement is the legal requirement that the applicant's doctor and a doctor selected by the Board both agree that the employee is totally and permanently disabled based on substantial medical reasons. In this connection, we expect any physician's examination to find substantial medical reasons why the employee should be granted disability retirement benefits.

On appeal of the Board's decision to the Circuit Court of Wayne County, pursuant to the Administrative Procedures Act, *W. Va. Code*, 29A–5–1, *et seq.*, appellant argued, *inter alia*, that the Board's order denying him disability retirement benefits was clearly wrong in light of the reliable, probative and substantial evidence on the whole record. *See W. Va.Code*, 29A–5–4(g)(5) [1964].[2]

Based upon its review of the record before the Board,[3] the circuit court affirmed the Board's decision and ordered the following:[4]

1. That the provisions of § 5–10–25 of the *West Virginia Code* require that the applicant be physically or mentally totally

incapacitated for employment and that such incapacity will probably be permanent.

2. That petitioner is not mentally or physically totally and permanently incapacitated from employment within the meaning of and to the degree of proof required by § 5–10–25 of the *West Virginia Code* since the examining physician selected by the [Board] and the applicant's treating physicians did not concur regarding the total and permanent disability of the applicant, if any.

3. That this Court is without authority to reverse, vacate, remand or otherwise modify the final administrative order of the [Board] when the examining physician selected by the [Board] and the applicant's treating physician do not concur regarding the total and permanent disability of the applicant, if any.

4. That the final order of the [Board] denying Petitioner's disability application be AFFIRMED since this Court is without the authority to make a finding the [Board's] decision below was clearly wrong and not supported by the reliable, probative and substantial evidence on the whole record since the examining physician selected by the [Board] and the applicant's treating physicians did not concur regarding the total and permanent disability of the applicant, if any.

It is this circuit court order, entered November 16, 1995, which is the subject of this appeal.

## II.

■ The sole assignment of error in this case is whether the circuit court improperly concluded that it was without authority to

---

2. *W. Va.Code*, 29A–5–4(g)(5) [1964] provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
>
> ....

> Clearly wrong in view of the reliable, probative and substantial evidence on the whole record [.]

3. *See W. Va.Code*, 29A–5–4(f) [1964] ("The review shall be conducted by the court ... upon the record made before the agency[.]")

4. Though a hearing was conducted on September 22, 1995, the transcript of that circuit court proceeding is not a part of the record in this appeal.

review the merits of the Board's order denying appellant's application for disability retirement benefits. Appellant contends that the circuit court refused to consider the merits of the Board's decision because the examining physicians did not agree as to appellant's total and permanent disability. The Board maintains, however, that in affirming the Board's decision to deny appellant's application for benefits, the circuit court fully considered the merits of appellant's case.

## A.

■ Decisions rendered by the Board concerning the award or denial of disability retirement benefits are subject to the "contested cases" provision of this state's Administrative Procedure Act, *W. Va.Code*, 29A–5–1, *et seq. See CDS, Inc. v. Camper*, 189 W.Va. 63, 67, 428 S.E.2d 44, 48 (1993); *Chapman v. W. Va. Dept. of Motor Vehicles*, 188 W.Va. 216, 219, 423 S.E.2d 619, 622 (1992). The standard of review of administrative proceedings, consistent with the language of *W. Va.Code*, 29A–5–4(g) [1964][5] was reiterated by this Court in syllabus point 1 of *Modi v. West Virginia Bd. of Medicine*, 195 W.Va. 230, 465 S.E.2d 230 (1995):

' "Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or orders are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the

agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.' " Syllabus point 2, *Shepherdstown Volunteer Fire Department v. West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983).' Syllabus, *Berlow v. West Virginia Board of Medicine*, 193 W.Va. 666, 458 S.E.2d 469 (1995).

*See* syl. pt. 3, *CDS, Inc., supra;* syl. pt. 1, 428 S.E.2d 44, *Chapman, supra;* syl. pt. 1, 423 S.E.2d 619, *Davis v. W. Va. Dept. of Motor Vehicles*, 187 W.Va. 402, 419 S.E.2d 470 (1992).

■ In reviewing a contested case, a "court is required to examine the record of the proceeding below to ascertain whether there is evidence to support the administrative agency's decision." *Ruble v. Office of Secretary of State*, 192 W.Va. 134, 138, 451 S.E.2d 435, 439 (1994). "Such examination is to be conducted 'pursuant to the administrative body's findings of fact, regardless of whether the court would have reached a different conclusion on the same set of facts.' *Frank's Shoe Store v. Human Rights Comm'n*, 179 W. Va. 53, 56, 365 S.E.2d 251, 254 (1986), *citing Anderson v. City of Bessemer City*, 470 U.S. 564, 574–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518, 528 (1985)." *Id.*

Though appellant insists that the circuit court did not reach a decision on the merits of this case, the language of the circuit court's November 16, 1995 order, which order was prepared by appellant's counsel, indicates otherwise.[6] According to its order,

---

**5.** *See* n. 2, *supra.*

**6.** During oral argument, it was revealed not only that appellant's counsel prepared the November 16, 1995 order, but it was suggested by appellant's counsel, without explanation, that the order does not accurately reflect that which was argued at the September 22, 1995 proceeding. As we previously noted, the transcript of that proceeding was not made a part of the record of this appeal and is, consequently, not available for

our review. Thus, " 'we are left to decide this case within the parameters of the circuit court's order.' *State v. White*, 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992)." *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 107 n. 5, 459 S.E.2d 374, 384 n. 5 (1995). *See also Harvey v. Harvey*, 171 W.Va. 237, 241, 298 S.E.2d 467, 471 (1982) ("a court of record speaks only through its records or orders[.]") Accordingly, resolution of this case is based upon

the circuit court found, as did the Board, that pursuant to *W. Va.Code,* 5–10–25(a) [1994], an applicant for disability retirement benefits must be physically or mentally totally and permanently incapacitated for employment before such benefits will be granted. In applying *W. Va.Code,* 5–10–25(a) [1994] to the facts of the case before it, the circuit court expressly determined, in paragraph two of its order, that the appellant herein is not "totally and permanently incapacitated from employment within the meaning of and to the degree of proof required by [*W. Va. Code,* 5–10–25(a) [1994], *supra*]" because appellant's physician and the physician selected by the Board "did not concur regarding the total and permanent disability of the [appellant], if any." The court then stated, in paragraph three of its order: "That this Court is without authority to reverse, vacate, remand or otherwise modify the final administrative order of the [Board] when the examining physician selected by the [Board] and the applicant's treating physician do not concur regarding the total and permanent disability of the applicant, if any."

Appellant's contention that the circuit court erroneously concluded it had no authority to review the merits of the Board's decision appears to be rooted in the language of paragraphs two and three of the court's order. Indeed, we do not disagree that paragraphs two and three strongly suggest that the circuit court indicated it was without authority to review the merits of the Board's decision because the examining physicians did not concur regarding appellant's total and permanent disability.

However, paragraphs two and three cannot be read in isolation. We find paragraph four of the court's order to be crucial to our determination that the circuit court did, in fact, consider the merits of the Board's decision to deny appellant's application for disability retirement benefits. Paragraph four states:

> That the final order of the [Board] denying Petitioner's disability application be AFFIRMED since this Court is without the authority to make a finding the

the November 16, 1995 order, as well as the record before us.

[Board's] decision below was *clearly wrong and not supported by the reliable, probative and substantial evidence on the whole record* [7] since the examining physician selected by the [Board] and the applicant's treating physicians did not concur regarding the total and permanent disability of the applicant, if any.

(emphasis and footnote added).

According to its November 16, 1995 order, then, the circuit court concluded, as it was authorized to do under *W. Va.Code,* 29A–5–4(g)(5) [1964], that the Board's denial of appellant's application for disability retirement benefits was not "clearly wrong" and was "supported by the reliable, probative and substantial evidence on the whole record since the examining physician selected by the [Board] and the applicant's treating physicians did not concur regarding the total and permanent disability of the applicant, if any." *See also* syl. pt. 1, *Modi, supra.*

We conclude, therefore, that the circuit court denied appellant's application for disability retirement benefits based upon its review of the merits of the case before it. Thus, we find appellant's argument to the contrary to be without merit.

### B.

The standard by which this Court reviews a final order of the circuit court has been articulated as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). *See* syl. pt. 1, *State ex rel. Martin v. Spry,* 196 W.Va. 508, 474 S.E.2d 175 (1996); syl. pt. 1, *Ruby v. Insurance Com'n. of West Virginia,* 197 W.Va. 27, 475 S.E.2d 27 (1996); syl. pt. 1, *Magaha v. Magaha,* 196 W.Va. 187, 469 S.E.2d 123 (1996). *See also* syl. pt. 1, *State v. Imperial Marketing,* 196 W.Va. 346, 472 S.E.2d 792 (1996); syl. pt. 1, *McCormick v.*

7. *See W. Va.Code,* 29A–5–4(g)(5) [1964], *supra* at n. 2.

*Allstate Insurance Co.,* 197 W.Va. 415, 475 S.E.2d 507 (1996); *G Corp., Inc. v. MackJo Inc.,* 195 W.Va. 752, 756, 466 S.E.2d 820, 824 (1995); *Phillips v. Fox,* 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995).

Based upon our previous discussion, we find no evidence that the circuit court abused its discretion in affirming the Board's decision to deny appellant's application for disability retirement benefits.

### III.

For the reasons stated herein, the November 16, 1995 order of the Circuit Court of Wayne County is hereby affirmed.

Affirmed.