494 S.E.2d 911

**STATE of West Virginia ex rel. Ron KERN and Sandra Kern, Petitioners,**

v.

**Katherine SANTUCCI, Magistrate for Jefferson County, and Brian S. Riedmuller, Respondents.**

No. 24131.

Supreme Court of Appeals of West Virginia.

Submitted June 24, 1997.

Decided July 11, 1997.

---

Laura R. Rose, Mary E. Binns, Law Offices of Laura Rose & Associates, Martinsburg, for Petitioners.

MAYNARD, Justice:

In this original proceeding in prohibition the relators, Ron Kern and Sandra Kern, pray that this Court prohibit the respondent, who is a magistrate of the Jefferson County Magistrate Court, from blocking their appeal from, and from refusing to execute a stay of execution against, a judgment rendered against them. The relators claim that the respondent has wrongfully demanded that they post an $800.00 bond before allowing them to proceed with their appeal. After reviewing the questions raised and the documents filed in this case, this Court believes that the respondent properly required the relators to post an appeal bond. However, the Court also believes that under the particular facts of this case, the respondent exceeded her legitimate authority in imposing the bond, without providing the relators with timely notice of the bond requirement.

The documents filed with this Court show that some four years prior to the institution of this proceeding the relators purchased a Siberian Husky puppy known as "Queen Jessica, II," also known as "Jessie." After purchasing Jessie the relators obtained American Kennel Club papers registering Jessie and showing their ownership.

On January 19, 1997, Jessie, along with several other registered Siberian Huskies owned by the relators, wandered away from their home. The other dogs returned immediately, but Jessie remained absent. About the same time, Brian S. Riedmuller, who was a resident of Maryland, but who was visiting relatives in Jefferson County, discovered a Siberian Husky which he took to his home in Maryland. Four weeks after Jessie disappeared Mr. Riedmuller brought the dog which he had found back with him when he again visited his relatives. At that time the dog, which was Jessie according to the relators, apparently wandered back to the relators' home. After her return the relators bred her with another of their Siberian Huskies, and she had a litter of puppies on May 11, 1997.

On March 20, 1997, after Jessie, or the dog claimed to be Jessie, returned to the relators' home, Mr. Riedmuller filed a civil action against the relators in the Magistrate Court

of Jefferson County. In that civil action he sought the return of the Siberian Husky which the relators called "Jessie."

A trial was conducted on Mr. Riedmuller's complaint on April 28, 1997, in Jefferson County Magistrate Court. The respondent presided at that trial. At the conclusion of the trial the respondent found in favor of Mr. Riedmuller and ordered that the respondents return the dog to Mr. Riedmuller by Sunday, May 18, 1997. She also directed that the puppies be turned over to Mr. Riedmuller.

The relators, who believed that the respondent had committed error during the trial of the case, resolved to file an appeal. Consequently, on Friday, May 16, 1997, the relators, through counsel, contacted the Clerk in the Magistrate Court of Jefferson County to inquire as to the amount of bond necessary to prosecute the appeal. According to the petition in this case, the Deputy Clerk of Magistrate Court, Ruthie Carr, advised the relators' attorney that no entry had been made by the respondent magistrate on the civil case history form as to the assessment of any bond and that there was no notation on the sheet as to the dispositional activity or judgment order. The relators allege that when their counsel asked to speak with the respondent magistrate herself, he was advised that the respondent was not on duty and that the on-duty magistrate would not come to the phone or take any action to interfere with the respondents' case.

Thereupon, counsel for the relators inquired as to the amount of bond that would be required by the deputy clerk to process and forward an appeal to the Circuit Court of Jefferson County, and according to the relators, the deputy clerk replied that she would assess no bond since the respondent had not made any bond notation in the file. It appears that the deputy clerk also represented that she had checked the computer to verify that no bond information had been entered.

Apparently to ensure that an appeal was filed in a timely manner, the relators' counsel completed a civil appeal bond and forwarded it to the magistrate office on the last day for perfecting an appeal in a timely manner. The bond indicated that it was in the amount of "0" dollars.

The relators allege that on Monday, May 19, 1997, apparently after the appeal time had expired, respondent Magistrate Santucci corrected the civil case history sheet in their case to show that an $800.00 bond was required and that the relators had failed to post that bond.

Subsequently, when the relators attempted to prosecute their appeal in the Circuit Court of Jefferson County, the circuit court refused to hear their petition for appeal because the $800.00 appeal bond, which the circuit court believed was required, had not been posted.

In the present proceeding the real claim of the relators is that the $800.00 bond was wrongfully required since the bond requirement was imposed after the fact. They argue that, in imposing the bond requirement after the fact, the respondent magistrate exceeded her legitimate jurisdiction.

Rule 18 of the Rules of Civil Procedure for Magistrate Courts governs the taking of an appeal from a magistrate's decision to a circuit court in the State of West Virginia. The Court in reviewing this rule notes that subsection (b) specifically provides that:

> The magistrate shall require the appellant to post a bond with good security in a reasonable amount not less than the sum of the judgment and the reasonable court costs of the appeal, upon the condition that such person will satisfy the judgment and any court costs which may be rendered against the appellant on the appeal. The magistrate court clerk or deputy clerk shall collect the bond and the circuit court filing fee at the time the appeal is filed unless the person or entity filing the appeal is permitted to proceed without prepayment. The magistrate court clerk or deputy clerk shall forward any collected bond and fee along with the appropriate documents to the circuit court clerk.

The use of the word "shall" is usually considered to be a mandatory word in enactments such as Rule 18(b) and has generally been construed as depriving a party required to do something of discretion to do that act. *Ruble v. Office of Secretary of State,* 192 W.Va. 134, 451 S.E.2d 435 (1994); *Rogers v.*

*Hechler,* 176 W.Va. 713, 348 S.E.2d 299 (1986); and *Terry v. Sencindiver,* 153 W.Va. 651, 171 S.E.2d 480 (1969).

■ In this Court's view the use of the word "shall" in Rule 18(b) makes it mandatory for a magistrate to require a party to post a bond when an appeal is sought from a judgment rendered in magistrate court. This conclusion is buttressed by the fact that West Virginia Code § 50–5–12(a) states, in part:

Any person may appeal the judgment of a magistrate court to the circuit court as a matter of right by requesting such appeal not later than twenty days after such judgment is rendered or not later than twenty days after a decision is rendered upon a motion to set aside such judgment. Such person shall be required to post a bond with good security in a reasonable amount not less than the reasonable court costs of the appeal nor more than the sum of the judgment and the reasonable court costs of the appeal, upon the condition that such person will satisfy the judgment and any court costs which may be rendered against him on any such appeal . . .

Further this Court in *Powell v. Miller,* 41 W.Va. 371, 23 S.E. 557 (1895), indicated that an appeal bond must be filed before an appeal may be taken from the decision of a magistrate, who at the time of that opinion was designated a justice of the peace.

In view of all of this, this Court cannot conclude that the respondent magistrate involved in the present proceeding erred or exceeded her legitimate jurisdiction in requiring the relators to post an appeal bond.

■ However, as previously indicated, the posting of such bond was not initially required, but was imposed only after the relators approached the magistrate clerk and made inquiry as to the appropriate procedure for prosecuting an appeal.

It appears that at that time, or shortly thereafter, the respondent realized that no bond had been designated in the relators' case as is required by Rule 18(a) of the Rules of Civil Procedure for Magistrate Courts, and as a consequence, the respondent, apparently to correct her oversight, altered or corrected the record to impose the $800.00 appeal bond in issue here.

Rule 21 of the Rules of Civil Procedure for Magistrate Courts specifically provides a procedure whereby magistrates may correct clerical mistakes. That rule states:

Clerical mistakes in judgments, orders, or other parts of the file and errors therein from oversight or omission may be corrected after such notice to the opposing party, if any, as the magistrate orders. During the pendency of an appeal, such mistakes may be so corrected before the record is filed in the circuit court, and thereafter while the appeal is pending may be so corrected with leave of the circuit court. Copies of corrected orders shall be provided to all parties.

■ Given the wording of this rule, this Court cannot conclude that the respondent magistrate in the present proceeding erred or exceeded her legitimate authority in requiring the posting of a bond after it became evident to her that through oversight or omission no bond had been required of the relators in spite of the bond requirement of Rule 18(b) of the Rules of Civil Procedure for Magistrate Courts.

■ Although the language in Rule 21 seems to suggest that a magistrate has discretion regarding whether notice of correction of an order or any other part of a magistrate file must be given to a party, the Court believes that we have other law which indicates that under circumstances such as those involved in the present proceeding it is mandatory that notice of the correction of an appeal bond be given to a party affected by the change in that appeal bond.

The change involved in the present case, although proper in this Court's view under Rule 21 of the Rules of Procedure to Magistrate Courts, is somewhat in the nature of a change by entry of an order *nunc pro tunc.* With such orders the Court has previously suggested that reasonable notice must be given of the change effected by the *nunc pro tunc* action to any party adversely affected. *Chaney v. State Compensation Commissioner,* 127 W.Va. 521, 33 S.E.2d 284 (1945). See also *Ex parte Coon,* 81 W.Va. 532, 94 S.E.

**148**

957 (1918). Further, this Court has held that notices connected with the taking of an appeal are critical and are required by due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and by West Virginia Constitution Article III, Section 10. *Ware v. Conner*, 178 W.Va. 560, 363 S.E.2d 245 (1987).

In light of the foregoing, this Court has concluded that where correction of an appeal bond is made by a magistrate pursuant to the provisions of Rule 21 of the Rules of Civil Procedure for Magistrate Courts, the magistrate must give timely notice of the change of the appeal bond to any party adversely affected thereby.

It further appears to this Court that the change in the appeal bond in the present proceeding effectively deprived the respondents of their right to appeal the magistrate's decision in this case. The Court believes that such an effect is contrary to the clear intent of the procedures established by the rules relating to civil procedure for magistrate courts and that basic fairness and due process in this case dictate that the relators, upon posting the appropriate bond, be afforded the right to appeal the judgment against them.

■ For the reasons stated, this Court concludes that a writ of prohibition should be issued in this case directing the respondent magistrate to afford the relators a twenty-day period in this case to file the $800.00 bond heretofore imposed upon them, or to seek a waiver of fees and costs by filing an affidavit of indigency pursuant to Rule 22 of the Rules of Civil Procedure for Magistrate Courts, and upon the posting of such bond, or the filing of an affidavit of indigency, the respondent is directed to refrain from impeding the relators' pursuit of an appeal in the Circuit Court of Jefferson County.

Writ granted as moulded.